Hazel TUFT, Individually, and Hazel Tuft, as a member of a class of female employees of McDonnell Douglas Corporation, Plaintiff-Appellant,

v.

McDONNELL DOUGLAS CORPORATION, Defendant-Appellee.

No. 74–1890.

United States Court of Appeals, Eighth Circuit.

Submitted March 14, 1975.

Decided May 27, 1975.

Rehearing and Rehearing En Banc Denied July 2, 1975.

Doreen D. Dodson, Louis Gilden, St. Louis, Mo., for plaintiff-appellant.

Dennis C. Donnelly, St. Louis, Mo., for defendant-appellee.

Charles Reischel, Equal Employment Opportunity Commission, Washington, D. C., for amicus curiae.

Before CLARK, Associate Justice, Retired,* and LAY and BRIGHT, Circuit Judges.

BRIGHT, Circuit Judge.

Hazel Tuft on her own behalf and as a class action alleges that McDonnell Douglas Corporation (McDonnell Douglas) has discriminated against women in its employment practices in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. (Supp. II, 1972). The district court dismissed the action on grounds that Ms. Tuft failed to bring her action in district court within the allowable time period of 90 days[1] after she had received notice from the Equal Employment Opportunity Commission (EEOC or Commission) that it had failed to resolve her claim against McDonnell Douglas through conciliation. Ms. Tuft brings this timely ap-

---

* TOM C. CLARK, Associate Justice, Retired, United States Supreme Court, sitting by designation.

1. Section 706(f) of the Equal Employment Opportunity Act of 1972 (42 U.S.C. § 2000e–5(f)(1) (Supp. II, 1972)). The pertinent language of that section reads:

   If a charge filed with the Commission pursuant to subsection (b) of this section is dismissed by the Commission, or if within one hundred and eighty days from the filing of such charge or the expiration of any period of reference under subsection (c) or (d) [state or local agencies] of this section, whichever is later, the Commission has not filed a civil action under this section or the Attorney General has not filed a civil action in a case involving a government, governmental agency, or political subdivision, or the Commission has not entered into a conciliation agreement to which the person aggrieved is a party, the Commission, or the Attorney General in a case involving a government, governmental agency, or political subdivision, *shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge.* * * *. [Emphasis added.]

peal. We reverse the district court for reasons stated below.[2]

## I. Facts

We relate the relatively uncomplicated facts presented at this stage of the litigation. On August 13, 1971, Ms. Tuft filed a complaint with the EEOC alleging sex discrimination in employment by McDonnell Douglas at its St. Louis, Missouri, facility. Some 17 months later, on December 15, 1972, the EEOC determined that reasonable cause existed to believe that the complaint was true and it commenced conciliation efforts with McDonnell Douglas in an attempt to resolve the dispute. Thereafter, over one year later on February 13, 1974, the supervisor of conciliations at the St. Louis EEOC district office wrote Ms. Tuft advising that conciliation efforts in her case had failed and that she could, if she so desired, request a "right to sue" letter from the district director.[3] The letter further suggested that Ms. Tuft should obtain an attorney before requesting her right to sue letter since she would have only 90 days after receiving it in which to bring suit.[4]

After obtaining a lawyer, Ms. Tuft then requested a formal letter authorizing her to sue in federal court. In response, the district director issued a second letter on June 14, 1974, advising her that the "Commission has not filed a civil action" nor "entered into a conciliation agreement to which you are a party" and that she might institute a civil action in the proper United States District Court "within 90 days of your receipt of this Notice." [5] As required by

2. The district court opinion is reported at 385 F.Supp. 184 (E.D.Mo.1974).

We note a similar ruling in another case in the Eastern District of Missouri, Harris v. Sherwood Medical Industries, Inc., 386 F.Supp. 1149 (1974).

3. As the district court aptly noted, the statute does not mention any "right to sue" letter. 385 F.Supp. at 186. The courts, however, have frequently referred to the statutory notification given by the EEOC which triggers the complainant's right to sue in a Title VII action as a "right to sue" letter. E. g., McDonnell Douglas Corp. v. Green, 411 U.S. 792, 798, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); EEOC v. Missouri Pacific R.R., 493 F.2d 71, 75 (8th Cir. 1974); United Textile Workers v. Federal Paper Stock Co., 461 F.2d 849, 850–51 (8th Cir. 1972). The Commission regulation refers to these notifications as "Notices of Right-to-Sue." 29 C.F.R. § 1601.25 (1974).

4. The text of this letter reads in full as follows:

This is to inform you that conciliation efforts in your case have failed.

Anytime now, you may request your letter of Right to Sue. This is done by requesting, in writing, from the District Director, Mr. Eugene P. Keenan.

When you request your letter of Right to Sue, you have only 90 days to get a lawyer to file suit for you in Federal District Court. It is not wise to request your Right to Sue letter until you have obtained a lawyer who has agreed to represent you.

There are a number of St. Louis area lawyers who have experience with cases under Title VII of the Civil Rights Act of 1964, as amended. You would be wise to talk with a number of lawyers to find out what their fees would be in your case. If you need assistance in obtaining a lawyer or if you have any questions about your legal rights, you may contact Ms. Gretchen Huston, District Office Attorney, at 622–4126.

If there are any questions, please do not hesitate to contact me.

William G. Lorenz /s/
William G. Lorenz
Supervisor of Conciliations

5. This letter was phrased in terms of the statute, which provides, among other things, that if within 180 days from the filing of a case which has not been dismissed by the Commission, or within 180 days from the expiration of reference to state or local agencies, the Commission (or in certain cases the Attorney General) has not filed a civil action or has not entered into a conciliation agreement to which the claimant is a party, the Commission (or the Attorney General) "shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge * * *." 42 U.S.C. § 2000e–5(f)(1).

The text of this letter reads:
NOTICE OF RIGHT TO SUE WITHIN 90 DAYS

In Case No. YSL3–203 before the Equal Employment Opportunity Commission, United States Government.

YOU ARE HEREBY NOTIFIED THAT:

WHEREAS, This Commission has not filed a civil action with respect to your charge as provided by Section 706(F)(1) of Title VII of

its regulations [6] the Commission forwarded copies of the charge and the reasonable cause determination with this letter.

Ms. Tuft filed her action on June 20, 1974, only a few days after receiving the second letter from the Commission, but more than 90 days after receiving the initial letter advising her that conciliation efforts in her case had failed.

The district court ruled that the first letter, rather than the second, triggered the running of the 90-day limitation period. The court reasoned as follows:

* * * The only notice required [by the statute] is that which notifies the plaintiff that efforts to conciliate have failed. Once such notice is given, the ninety day period begins to run. The idea that more information should be put into the notice came not from Congress, but from the EEOC in their regulations. 29 C.F.R. 1601.25. While the additional information regarding the right to sue may be of some benefit, it does not change the fact that only notice of failure of conciliation is required to start the statute of limitations running. The letter of February 13, 1974, contained all the notice that is required by the Act to start the ninety-day period running.

\* \* \* \* \* \*

The wording of the Act clearly indicates that the notice is to be given immediately upon the failure of conciliation. In the case at bar, notice of the failure of conciliation was given at that proper time. The EEOC's attempt to postpone the running of the ninety-day period until the plaintiff requests some further notice is of no effect. [385 F.Supp. at 186.]

The district court's analysis cannot be sustained in view of the statutory language of the 1972 amendments to Title VII and the legislative history of these amendments.

the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e et seq: and,

WHEREAS, this Commission has not entered into a conciliation agreement to which you are a party;

THEREFORE, pursuant to 706(F) of Title VII, you may, *within 90 days of your receipt of this Notice,* institute a civil action in the United States District Court having jurisdiction over your case.

Should you decide to commence judicial action, you must do so within 90 days of the receipt of this letter or you will lose your right to sue under Title VII.

If you are not represented by counsel and you are unable to obtain counsel, the Court may, in its discretion, appoint an attorney to represent you.

Should you have any questions concerning your legal rights or have any difficulty filing your case in court, please call Ms. Gretchen Huston of this office at 314–622–5571.

June 14, 1974     John F. Nicholson /s/

Date     John F. Nicholson, Acting District Director

6. The pertinent Commission regulation provides:

PROCEDURE AFTER FAILURE OF CONCILIATION

§ 1601.25 Notice to respondent, person filing a charge on behalf of the aggrieved person or aggrieved persons.

(a) In any instance in which the Commission is unable to obtain voluntary compliance as provided by Title VII, as amended, it shall so notify the respondent, the person filing a charge on behalf of the aggrieved person, the aggrieved person or persons, and any State or local agency to which the charge has been previously deferred pursuant to § 1601.12 or § 1601.10. Notification to the aggrieved person shall include:

(1) A copy of the charge.

(2) A copy of the Commission's reasonable cause or no reasonable cause determination as appropriate.

(3) Advice concerning his or her rights to proceed in court under Section 709(f)(1) [sic: 706(f)(1)] of Title VII.

(b) The Commission hereby delegates to its District Directors, Deputy District Directors, and the Dierctor [sic] of Compliance, the authority to issue Notices of Right-To-Sue on behalf of the Commission in all cases except those in which a government, governmental agency or political subdivision is named in the charge, pursuant to the procedures set forth in paragraph (a)(2) and (3) of this section.

[29 C.F.R. § 1601.25 (1974).]

## II. Background

### A. Section 706 Prior to the 1972 Amendments.

As originally enacted, § 706 of Title VII read in pertinent part as follows:

If within thirty days after a charge is filed with the Commission or within thirty days after expiration of any period of reference [to a state agency] under subsection (c) of this section (except that in either case such period may be extended to not more than sixty days upon a determination by the Commission that further efforts to secure voluntary compliance are warranted), the Commission has been unable to obtain voluntary compliance with this subchapter, the Commission shall so notify the person aggrieved and a civil action may, within thirty days thereafter, be brought * * *. [42 U.S.C. § 2000e–5(e) (1970).]

By this provision, Congress limited the Commission's enforcement powers to conciliation efforts. *See* Alexander v. Gardner-Denver Co., 415 U.S. 36, 44, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974); EEOC v. Hickey-Mitchell Co., 507 F.2d 944, 947 (8th Cir. 1974). The courts generally interpreted this provision to require that the Commission notify a complainant whenever conciliation efforts had failed and that this notification constituted a right to sue letter. Stebbins v. Continental Insurance Co., 143 U.S.App.D.C. 121, 442 F.2d 843, 846 (1971); Cunningham v. Litton Industries, 413 F.2d 887, 890–91 (9th Cir. 1969); Miller v. International Paper Co., 408 F.2d 283, 287 (5th Cir. 1969); Choate v. Caterpillar Tractor Co., 402 F.2d 357, 359 (7th Cir. 1968); *see* EEOC v. Missouri Pacific R.R., 493 F.2d 71, 72 (8th Cir. 1974); Genovese v. Shell Oil Co., 488 F.2d 84 (5th Cir. 1973); Huston v. General Motors Corp., 477 F.2d 1003, 1005 (8th Cir. 1973); Goodman

v. City Products Corp., 425 F.2d 702, 703 (6th Cir. 1970). The issuance of the letter, not the exhaustion of conciliation efforts, constitutes a jurisdictional prerequisite to suit. Dent v. St. Louis-San Francisco Ry. Co., 406 F.2d 399 (5th Cir. 1969), cert. denied, 403 U.S. 912, 91 S.Ct. 2219, 29 L.Ed.2d 689 (1971).

### B. 1972 Amendments and Legislative History.

In amending Title VII with the Equal Employment Opportunity Act of 1972, Congress expressed concern over the ineffectiveness of conciliation as the sole administrative remedy in Title VII cases and administrative delay in achieving effective enforcement of the Title VII claims. As the House Report observed:

With the steady growth in the number of cases filed with the Commission, an effective and suitable procedure and remedy become increasingly important. Effective remedies have not resulted from present practice. Of the 35,455 charges that were recommended for investigation, reasonable cause was found in over 63% of the cases, but in less than half of these cases was the Commission able to achieve a totally or even partially successful conciliation. [H.R.Rep.No.92–238, 92d Cong., 2d Sess. (1972), 1972 U.S.Code Cong. & Admin.News, pp. 2139–40 (hereafter House Report).]

*See* S.Rep.No.92–415, 92d Cong., 1st Sess. 5 (1971).

In an attempt to alleviate these problems Congress granted the EEOC the power to initiate civil actions if its conciliation efforts failed [7] but preserved the right of the individual claimant to sue as a means by which he might extricate himself from the "quagmire which occasionally surrounds a case caught in an overloaded administrative process."

---

**7.** The House and Senate Reports recommended that the Commission be granted judicially enforceable cease and desist authority. The Congress rejected these recommendations and accepted the minority views in the House Report which recommended that the Commission be empowered to sue directly in federal

district court to enforce provisions of Title VII. *See* House Report, 1972 U.S.Code Cong. & Admin.News, pp. 2143–47, 2168–72; S.Rep.No. 92–415, 92d Cong., 1st Sess. 17–22 (1971); EEOC v. Kimberly-Clark Corp., 511 F.2d 1352, 1354 (6th Cir. 1975); EEOC v. Missouri Pacific R.R., 493 F.2d 71 (8th Cir. 1974).

House Report, 1972 U.S.Code Cong. & Admin.News, p. 2148. As the House Report further observed,

> [i]t would, however, be appropriate for the individual to institute a court action where the delay is occasioned by administrative inefficiencies. The primary concern must be protection of the aggrieved person's *option* to seek a prompt remedy in the best manner available. [*Id.* (emphasis added).][8]

Although the individual retains the option of bringing his own Title VII suit when authorized to do so, Congress indicated that the primary burden of enforcing Title VII rights should rest upon the Commission. The Senate Report noted:

> Accordingly, where the Commission is not able to pursue a complaint with satisfactory speed, or enters into an agreement which is not acceptable to the aggrieved party, the bill provides that the individual shall have an opportunity to seek his own remedy, even though he may have originally submitted his charge to the Commission. It is expected that recourse to this remedy will be the exception and not the rule, particularly once the Commission's enforcement procedures are fully operational. In the meantime, however, the committee believes that the aggrieved person should be given an opportunity to escape the administrative process when he feels his claim has not been given adequate attention. [S.Rep.No.92–415, 92d Cong., 1st Sess. 23 (1971).]

### C. *180-day Provision.*

An initial question for our consideration is whether § 706(f) *requires* the Commission to complete its enforcement actions by bringing suit within 180 days after the complaint has been filed.[9] An affirmative answer could imply a requirement for the Commission to issue its notice in any event after 180 days from the filing (or expiration of period of reference) date of the complaint. Against the backdrop of legislative history § 706(f) carries a congressional suggestion that the EEOC should dispose of its cases administratively within the 180-day period. Three courts of appeals, however, have ruled that § 706(f) does not require institution of a Commission suit within the 180-day period. The Sixth Circuit Court of Appeals, in EEOC v. Kimberly-Clark Corp., 511 F.2d 1352 (6th Cir. 1975), ruled that § 706(f) does not bar the EEOC from filing suit more than 180 days after the complaint has been filed. The court explained the purpose of the 180-day provision as follows:

> The statute does not expressly limit the period within which the EEOC may sue to 180 days from the filing of a charge. In one sentence of section 706(f)(1) the EEOC is authorized to sue to enforce Title VII if after thirty days from a charge's filing a conciliation agreement has not been reached. In a later sentence the EEOC is required to notify a charging party when an agreement has not been reached 180 days after the charge's filing, and the private party is then authorized to sue. Authorization for a private suit does not expressly deprive the EEOC of power to sue.

> \* \* \* \* \* \*

> If Congress had intended to cut off the Commission's right to sue after 180 days from a charge's administra-

---

8. The case before us reflects these administrative delays. Ms. Tuft filed her complaint with the EEOC in August 1971 and more than two and one-half years elapsed before the Commission informed her that conciliation efforts had failed. Delays of this length erode the effectiveness of Title VII. The Commission should endeavor to obtain prompt resolution of Title VII cases through the administrative process and thus avoid burdening the already overburdened federal courts with additional litigation.

*See* S.Rep.No.92–415, 92d Cong., 1st Sess. 18 (1971).

9. We adverted to this issue in EEOC v. Missouri Pacific R.R., 493 F.2d 71, 75–76 (8th Cir. 1974), where we ruled that once a complainant files suit pursuant to a right to sue letter, the Commission may not file its own action. We noted, however, that the issue of whether the Commission, absent a private suit, could sue more than 180 days from the filing of the complaint was not before the court.

tive filing, it should and would have done so expressly * * *.

In summary, we find that the 180-day provision was not intended to hamper the EEOC's ability to enforce Title VII but rather was meant to guarantee private parties prompt recourse to the courts after a reasonable period of conciliation efforts. The EEOC is not barred from basing a complaint on a charge filed more than 180 days prior to the EEOC's suit. [*Id.* at 1356–57, 1359.]

*Accord,* EEOC v. Louisville & Nashville R.R., 505 F.2d 610, 612 (5th Cir. 1974); EEOC v. Cleveland Mills Co., 502 F.2d 153, 159 (4th Cir. 1974).[10]

Although Congress believed that six months should be a sufficient period of time in which to process the ordinary case, S.Rep.No.92–415, 92nd Cong., 1st Sess. 24 (1971), its reports, as we have already noted, have acknowledged the existence of great delay in the administrative process. *Id.* at 23; House Report, 1972 U.S.Code Cong. & Admin. News, p. 2147.

■ Furthermore, in § 706(b), Congress recommended, but did not mandate, that the EEOC make a determination on reasonable cause within 120 days. This provision reads in pertinent part:

> The Commission shall make its determination on reasonable cause as promptly as possible and, so far as practicable, not later than one hundred and twenty days from the filing of the charge or, * * * from the date upon which the Commission is autho-

rized to take action with respect to the charge. [42 U.S.C. § 2000e–5(b).]

The use of this language—"as promptly as possible and, so far as practicable"—demonstrates that Congress did not set specific administrative deadlines. Given the congressional emphasis on conciliation,[11] we cannot conclude that Congress intended a 180-day cutoff period for Commission enforcement actions when Congress explicitly noted that determinations on reasonable cause alone might take more than 120 days. We believe that the language of the statute and its legislative history support the conclusion that administrative enforcement of Title VII does not cease at the end of 180 days, and thus, the 180-day provision does not serve as a time deadline for the Commission to issue any notice to the complaining party.

**D.** *Option of Complaining Party After 180 Days.*

Section 706(f) provides that the Commission "shall so notify the person aggrieved" if within 180 days it has neither conciliated the dispute nor brought suit.[12] In its regulations, the Commission has construed this language to require the issuance of the statutory notice on demand of the complaining party after 180 days have elapsed from the filing of the charge.

The Commission regulation provides:

> At any time after the expiration of one hundred and eighty (180) days from the date of the filing of a charge or upon dismissal of a charge at any

---

**10.** The original enactment of § 706 contained similar language which might imply that the Commission should complete its conciliation efforts within a 30 to 60 day period. *See* text at p. 1305 *supra.* This provision has been interpreted to be precatory only. Cunningham v. Litton Industries, *supra,* 413 F.2d at 890–91; Miller v. International Paper Co., *supra,* 408 F.2d at 287; Choate v. Caterpillar Tractor Co., *supra,* 402 F.2d at 359.

**11.** The House sponsor of the bill stated:

The conferees contemplate that the Commission will continue to make every effort to conciliate as is required by existing law.

Only if conciliation proves to be impossible do we expect the Commission to bring action in Federal district court to seek enforcement. [118 Cong.Rec. 7563 (1972) (remarks of Congressman Perkins).]

**12.** The quoted language appears in the original version of § 706. 42 U.S.C. § 2000e–5(e)(1970). Conciliation in the original version of § 706 was phrased in terms of "voluntary compliance" with Title VII, see p. 1305 *supra,* while the present section speaks in terms of "a conciliation agreement to which the person aggrieved is a party." *See* n.1 *supra.*

stage of the proceedings, an aggrieved person may demand in writing that a notice issue * * * and the Commission shall promptly issue a notice, and provide copies thereof and copies of the charge to all parties. [29 C.F.R. § 1601.25b(c) (1974).]

Under this regulation an individual, at any time after the 180-day period has elapsed, may demand the statutory notice as the prerequisite to his suit, regardless of whether the Commission procedures remain in the investigative stage, the conciliation stage, or whether the Commission is considering bringing its own action after conciliation efforts have failed. As the court in EEOC v. Kimberly-Clark Corp., *supra*, 511 F.2d at 1359, observed:

> The 180-day provision's purpose is served under the present law by protecting the private party from undue administrative delay during the conciliation stage, guaranteeing the right of private suit six months after a charge is filed.

*See* House Report, 1972 U.S.Code Cong. & Admin.News, p. 2148.

█ The regulation appears consistent with pre-1972 procedures entitling an aggrieved party to demand and receive an official notice or right to sue letter 60 days after the charge was filed regardless of any act or omission of the EEOC. 29 C.F.R. § 1601.25a (1972). In Beverly v. Lone Star Constr. Corp., 437 F.2d 1136 (5th Cir. 1971), the court observed:

> Were this regulation not written, we would read it into the Act lest a claimant's statutory right to sue in federal court become subject to such fortuitous variables as workload, mistakes,

or possible lack of diligence of EEOC personnel. [*Id.* at 1140.]

## III. *The Validity of the Commission's Two-Letter Procedure.*[13]

The question remains—when must the Commission issue an official notice to the aggrieved party in the absence of a demand?

As we observed earlier in this opinion, prior to the 1972 amendments the EEOC's administrative procedures terminated with the exhaustion of conciliation efforts. The then existing statute recited that if "the Commission has been unable to obtain voluntary compliance * * * the Commission shall so notify the person aggrieved * * *." *See* p. 1305 *supra* for the text of this provision. This notice has been characterized as the "formal notification to the claimant that his administrative remedies with the Commission have been exhausted." Beverly v. Lone Star Lead Constr. Corp., *supra,* 437 F.2d at 1140.

The 1972 amendments, in addition to granting the Commission the power to file civil actions, also gave the Attorney General the power to file an action against a state governmental agency or political subdivision. Except for initial referral requirements to local agencies, the statute prescribes nearly identical procedures for processing Title VII complaints against private employers or governmental employers ("government, governmental agency, or political subdivision") except that the Attorney General must file the suit against the governmental employers. The pertinent portion of § 706(f) applicable to both private and state or local governmental employers is reproduced in the margin.[14]

---

**13.** We understand from the Commission's amicus brief that the same two-letter procedure has been followed in approximately 200 cases under the jurisdiction of the Commission's St. Louis district office and that the rights of these claimants could be adversely affected by recognizing the first letter as the statutory notice preceding suit under § 706(f).

**14.** In the case of a respondent which is a government, governmental agency, or political subdivision, if the Commission has been

unable to secure from the respondent a conciliation agreement acceptable to the Commission, the Commission shall take no further action and shall refer the case to the Attorney General who may bring a civil action against such respondent in the appropriate United States district court. * * * If a charge filed with the Commission pursuant to subsection (b) of this section is dismissed by the Commission, or if within one hundred and eighty days from the filing of

This section, read in its entirety, calls upon the Commission, in cases of private employers, or the Attorney General, in cases of governmental employers, to "notify" the aggrieved party upon a determination not to file suit.

In the absence of a demand from the complainant, the notice from the Attorney General obviously must follow his decision not to file suit. Since the Commission similarly determines whether to institute a civil action against other employers, it follows that it also must issue its notice upon determining that it will not sue. Thus, absent a demand from the aggrieved party, § 706 requires an official notification to the complainant upon making the decision not to file suit, this determination representing the final step of administrative processing.[15] As the Second Circuit observed in DeMatteis v. Eastman Kodak Co., 511 F.2d 306, 310 (2d Cir. 1975),

> [t]he purpose of the notice of right to sue was definitely to fix a time when the administrative remedies had ended and when the 90-day statute of limitations for bringing a suit in the federal court began to run.

This reading of the notification provisions of § 706(f) comports with the expressed congressional desire to place the primary burden of enforcement of Title VII cases on the Commission rather than the private complainant. If the statute required the issuance of notice at some intermediate stage of the administrative process, an aggrieved person would be required to either sue within 90 days or lose his right to sue without knowing whether or not the Commission would file suit on his behalf. Moreover, this construction remains consistent with pre-1972 procedures which generally geared the issuance of notice to exhaustion of administrative remedies. Before the 1972 amendments administrative procedures ended with the termination of conciliation efforts while under the current statute these administrative procedures end with a determination of whether to file suit.

The notice procedures which trigger the 90-day statute of limitations may be summarized as follows:

1) Upon a dismissal of the charge by the Commission, the statutory notice must issue promptly to the aggrieved party and the respondent. DeMatteis v. Eastman Kodak Co., supra, 511 F.2d at 310.

2) The complainant may demand the statutory notice any time after 180 days have elapsed from the filing of the complaint if the Commission has not dismissed his complaint, achieved a conciliation agreement, or filed a civil action.

3) Otherwise, the statutory notice must issue following a determination by the Commission or, in appropriate cases, the Attorney General, that a civil action will not be filed.

Here, the first letter recites only that conciliation efforts have failed and does not mention suit consideration by the Commission. The Commission has advised us that at the time the first letter was sent to Ms. Tuft, it had made no determination on whether to file suit.[16] Thus, the first Commission letter of February 13, 1974, must be read literally, as

---

such charge or the expiration of any period of reference under subsection (c) or (d) of this section, whichever is later, the Commission has not filed a civil action under this section or the Attorney General has not filed a civil action in a case involving a government, governmental agency, or political subdivision, or the Commission has not entered into a conciliation agreement to which the person aggrieved is a party, the Commission, or the Attorney General in a case involving a government, governmental agency, or political subdivision, shall *so notify* the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge * * *. [42 U.S.C. § 2000e–5(f)(1) (Supp. II, 1972) (emphasis added).]

**15.** Elsewhere in Title VII, Congress has been more specific in delineating time requirements for the Commission. When the Commission dismisses a claim for lack of reasonable cause, it must "promptly" notify the complainant and respondent. 42 U.S.C. § 2000e–5(b) (Supp. II, 1972).

**16.** In response to the court's inquiry at oral argument, the Commission, as amicus curiae,

informing Ms. Tuft that conciliation had failed and advising her that she might request the formal statutory notice from the Commission as a prerequisite to filing her own suit. Since the Commission had not then exhausted its administrative procedures under Title VII, no basis exists, legally or equitably, for construing the first letter as a statutory notice initiating the running of the 90-day limitation period.

IV. *Requirement of Actual Notification.*

■ Finally, even if § 706(f) could be considered to require the issuance of a statutory notice of right to sue upon the failure of conciliation efforts, the letter in the instant case cannot be construed as such notification to Ms. Tuft. This first letter explicitly informed Ms. Tuft that the 90-day period would not begin until receipt of the second letter:

> When you request your letter of right to sue, you have only 90 days to get a lawyer to file suit for you in Federal District Court.

The critical phrase in § 706(f) is "so notify." Notification to the aggrieved person initiates the running of the limitation period. Alexander v. Gardner-Denver Co., 415 U.S. 36, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974); McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); Plunkett v. Roadway Express, Inc., 504 F.2d 417 (10th Cir. 1974); Franks v. Bowman Transportation Co., 495 F.2d 398 (5th Cir. 1974).

The cases make clear that the aggrieved person must receive actual and effective notification of his right to sue. In *Franks,* under the pre-1972 version of the statute, the court ruled that a statutory notice mailed by the Commission and received at claimant's house, but which was never seen by the claimant, did not trigger the 90-day period:

> In terms of the policy behind limitations periods generally, the claimant can hardly be said to have slept on his rights if he allows the thirty-day period to expire in ignorance of his right to sue. [*Id.* at 404.]

The Tenth Circuit, in *Plunkett,* similarly held that it was the actual receipt of the notice, rather than its mailing, which governed the running of the statute. 504 F.2d at 418–19.

Moreover, it is undisputed that Ms. Tuft relied on the Commission's procedures and, in the absence of prejudice to the defendant,[17] she should not be penalized for any errors or omissions of the EEOC. *See* EEOC v. Kimberly-Clark Corp., *supra,* 511 F.2d at 1360; Choate v. Caterpillar Tractor Co., 402 F.2d 357, 360 (7th Cir. 1968); *see also* Love v. Pullman, 404 U.S. 522, 526–27, 92 S.Ct. 616, 30 L.Ed.2d 679 (1972); EEOC v. Wah Chang Albany Corp., 499 F.2d 187 (9th Cir. 1974); Huston v. General Motors Corp., 477 F.2d 1003 (8th Cir. 1973); Note, Violations by Agencies of Their Own Regulations, 87 Harv.L.Rev. 629, 631 (1974).

Since the first letter did not give Ms. Tuft any effective notification that she could sue within 90 days of the receipt of that letter, it cannot serve to initiate the running of the statute of limitations.

We reverse and remand this case for further proceedings.

---

informed the court, based on supporting documentation, that Ms. Tuft's case was referred to the Commission Litigation Center on February 22, 1974 (subsequent to its first letter to Ms. Tuft) and the file was returned on July 25,

1974 (subsequent to the issuance of the second letter).

17. Appellee concedes it has suffered no prejudice by the two-letter procedure.