**David L. CRAIG**

v.

**EASTERN AIRLINES, INC.**

**Civ. No. H–75–103.**

United States District Court,
D. Connecticut.

July 7, 1975.

Mark S. Steier, West Hartford, Conn., for plaintiff.

William M. Cullina, Peter L. Truebner, Murtha, Cullina, Richter & Pinney, Hartford, Conn., for defendant.

### RULING ON DEFENDANT'S MOTION TO DISMISS

BLUMENFELD, District Judge.

Plaintiff David Craig brings this action on behalf of himself and all others similarly situated, charging that the defendant, Eastern Airlines, has and continues to limit the employment and promotional opportunities of blacks on the basis of their race. The action is brought pursuant to 42 U.S.C. § 2000e et seq. (Supp. II, 1972) (hereinafter Title VII), 42 U.S.C. § 1981 (1970) and 42 U.S.C. § 1985(3) (1970). By its instant motion, the defendant seeks to dismiss the Title VII claim on the ground that the plaintiff did not file his action within ninety days of receiving notification of his right to sue as required by 42 U.S.C. § 2000e–5(f)(1) (Supp. II, 1972) (hereinafter § 706(f)(1)).[1]

The facts necessary to a decision on this motion are not in dispute. In Au-

---

1. This was section § 706(f)(1) of the Equal Employment Opportunity Act of 1972. In relevant part it provides:

"If a charge filed with the Commission pursuant to subsection (b) of this section is dismissed by the Commission, or if within one hundred and eighty days from the filing of such charge or the expiration of any period of reference under subsection (c) or (d) of this section, whichever is later, the Commission has not filed a civil action under this section or the Attorney General has not filed a civil action in a case involving a government, governmental agency, or political sub-division, or the Commission has not entered into a conciliation agreement to which the person aggrieved is a party, the Commission, or the Attorney General in a case involving a government, governmental agency, or political subdivision, shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge (A) by the person claiming to be aggrieved or (B) if such charge was filed by a member of the Commission, by any person whom the charge alleges was aggrieved by the alleged unlawful employment practice."

gust 1970 the plaintiff filed a complaint with the Equal Employment Opportunity Commission (hereinafter "Commission"), raising the same complaints as those presented in the instant action. On July 16, 1973 the Commission found reasonable cause to believe that those charges were true and efforts at conciliation followed. 42 U.S.C. § 2000e–5(b) (Supp. II, 1972). Those efforts, however, were ultimately unsuccessful and, on December 13, 1974, the Commission advised the plaintiff's attorney by letter of that fact. The text of that letter, the meaning and effect of which are central to the instant motion, is set out in the margin.[2] Briefly, the letter informed the plaintiff of the failure of conciliation and instructed him that he could request a Notice of Right to Sue upon the receipt of which he would have to bring suit within ninety days. In addition, and importantly, the Commission stated that the case was still being administratively processed and would "be reviewed by our General Counsel for possible litigation action by the Commission."

In response to that letter, the plaintiff requested a Notice of Right to Sue (hereinafter "Notice") which was mailed to him on January 2, 1975.[3] On March 31, 1975 he filed the instant action, eighty-eight days after the date of the Notice, but one hundred eight days following the letter informing him that efforts at conciliation had failed.[4] The defendant argues that the ninety-day period provided under § 706(f)(1) began to run from the date of the first letter and thus this action is barred. The plaintiff, of course, argues that the date of the Notice of Right to Sue controls. Thus the issue is drawn.

An extended discussion of this issue is not necessary here. The Eighth Circuit

---

**2.** "I regret to inform you that, inasmuch as the Charging Party has rejected the terms of the conciliation offer made by the Respondent in the above-referenced matter, and the Respondent has stated that it is not willing to make any other offers, the Commission must conclude that the effort to bring about a conciliation of the case has failed.

"You may at this time request a Notice of Right to Sue which will authorize you to file suit in Federal District Court if you so desire. Such request should be in writing and addressed to the District Director. As part of the continuing routine in processing the case, it will be reviewed by our General Counsel for possible litigation action by the Commission. Since only a small percentage of cases can be selected for such action, however, it is not advisable to delay initiation of your own court action pending the result of this review. You should also take note of the fact that suit must be brought within ninety (90) days from the date of receipt of the Notice of Right to Sue.

"If there are any questions regarding this matter, please feel free to call me or Suzanne Gwiazda, Conciliator."

Coincidentally, on the same day as this letter was sent, but before it was received, the plaintiff's attorney wrote to the Commission informing them of his client's rejection of the defendant's last conciliation offer and asking, in the absence of any further offers from the defendant, for a right to sue notice. The Commission, apparently believing its own December 13 letter was responsive, did not specifically answer that subsequently received letter.

**3.** In relevant part that Notice stated:

"YOU ARE HEREBY NOTIFIED THAT:

"WHEREAS, This Commission has not filed a civil action with respect to your charge as provided by section 706(F)(1) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e *et seq.*; and,

"WHEREAS, this Commission has not entered into a conciliation agreement to which you are a party;

"THEREFORE, pursuant to 706(F) of Title VII, you may, *within 90 days of your receipt of this Notice*, institute a civil action in the United States District Court having jurisdiction over your case.

"Should you decide to commence judicial action, you must do so within 90 days of the receipt of this letter or you will lose your right to sue under Title VII." (Emphasis in original.)

**4.** Both parties have assumed that whichever of these documents began the running of the ninety-day limitations period, the controlling date is that on which the notice or letter was *mailed*. In fact, several cases have held that the date on which the notice is *received* by the plaintiff controls. *See Plunkett v. Roadway Express, Inc.,* 504 F.2d 417 (10th Cir. 1974); *Franks v. Bowman Transportation Co.,* 495 F.2d 398 (5th Cir. 1974), *cert. denied,* 419 U.S. 1050, 95 S.Ct. 625, 42 L.Ed.2d 644 (1974). In this case, that distinction is not material.

in *Tuft v. McDonnell Douglas Corp.,* 517 F.2d 1301 (1975) has recently ruled upon this precise issue in a comprehensive opinion with which I find myself in agreement. The court carefully analyzed § 706(f)(1) in light of the legislative history and expressed purposes of Title VII and held that in the absence of final administrative action by the Commission (or the Attorney General where appropriate), *i. e.* a decision to dismiss the complaint or a determination not to file suit in its own name, the ninety-day statute of limitations period begins to run only following demand by the complainant of a Notice of Right to Sue. It thus reversed the district court's dismissal of the Title VII action under factual circumstances identical in all material respects to those involved here. In support of its conclusion, the court reasoned:

> "This reading of the notification provisions of § 706(f) comports with the expressed congressional desire to place the primary burden of enforcement of Title VII cases on the Commission rather than the private complainant. If the statute required the issuance of notice at some intermediate stage of the administrative process, an aggrieved person would be required to either sue within 90 days or lose his right to sue without knowing whether or not the Commission would file suit on his behalf. Moreover, this construction remains consistent with pre-1972 procedures which generally geared the issuance of notice to exhaustion of administrative remedies. Before the 1972 amendments administrative procedures ended with the termination of conciliation efforts while under the current statute these administrative procedures end with a determination of whether to file suit." *Tuft v. McDonnell Douglas Corp., supra,* 517 F.2d at 1309.

The defendant, however, argues that this court is foreclosed from following *Tuft* by virtue of the Second Circuit's earlier ruling in *DeMatteis v. Eastman Kodak Co.,* 511 F.2d 306 (2d Cir. 1975).[5] I, however, do not construe *DeMatteis* as compelling a decision in the defendant's favor. That case considered the analogous, but quite distinct, issue of what form of notice begins the running of the ninety-day period where the Commission concludes that a complaint should be dismissed for lack of reasonable cause. The court held that in such cases the date on which the complainant is notified of the dismissal controls and not the date on which the Notice of Right to Sue is received. In so holding, the court reasoned that the earlier notice, which is mandated by 42 U.S.C. § 2000e–5(b) (Supp. II, 1972), clearly informs the complainant that all administrative proceedings have been terminated and that the ball is now his.

At the same time, however, the court recognized that different considerations might be involved where the Commission determines that there is reasonable cause to believe that a complainant's charges are true. Following such a determination, the Commission must engage in conciliation proceedings and, should they fail, must then decide whether to bring suit in its own right. The court recognized the distinction between such cases where administrative proceedings have not ended and where "it has been difficult for the aggrieved party or the respondent to know exactly when the proceedings by or before the Commission have terminated," *DeMatteis v. Eastman Kodak Co., supra,* 511 F.2d at 310, and the case before it, where the proceedings had *"terminated* at the investigative stage."* (Emphasis added.) Under such circumstances, it noted that the regulatory provision, 29 C.F.R. § 1601.25 (1974), of a Notice of Right to Sue serves the important function of "definitely  .   . fix[ing] a time when the administrative remedies [have] ended and when the 90-day statute of limitations for bringing a

---

5. The defendant in a commendable act of professional responsibility made a copy of the *Tuft* decision available to this court.

suit in the federal court [begins] to run." *Id.* This recognition, while not a specific endorsement of the Commission's procedure, is in harmony with the conclusion reached by the Eighth Circuit in *Tuft.* Indeed, this is illustrated by that court's reliance upon the reasoning in *DeMatteis* and ultimately its agreement with the *DeMatteis* holding. *See Tuft v. McDonnell Douglas Corp., supra,* 517 F.2d at 1309.

I conclude that the ninety-day statute of limitations in the instant case began to run upon receipt [6] of the Notice of Right to Sue. This action was timely filed and accordingly, the defendant's motion to dismiss must be denied. It is

SO ORDERED.

---

**6.** *See* note 4, *supra.*