Harvey TURNER, Individually and on behalf of all others similarly situated

v.

TEXAS INSTRUMENTS, INC.

Civ. A. No. 3–74—1105–F.

United States District Court,
N. D. Texas,
Dallas Division.

Sept. 19, 1975.

Timothy E. Kelley, Dallas, Tex., for plaintiff.

Wilson D. Fargo, Dallas, Tex., Wayne S. Bishop and Edward F. Schiff, Washington, D. C., for defendant.

## ORDER OF DISMISSAL

ROBERT W. PORTER, District Judge.

The facts of this case are elementary and not in dispute. On May 20, 1969 the Plaintiff—Turner was hired by the Defendant—Texas Instruments. On August 1, 1969 Turner was dismissed from his employment with the Defendant and on August 5, 1969 he filed charges of employment discrimination with the EEOC. After approximately four years the EEOC issued Turner a letter stating that conciliation efforts had begun. Then, on March 6, 1974, Turner was informed that those efforts had failed.

(Appended to this order as Exhibit "A"). On October 17, 1974, the EEOC issued a right to sue letter (appended to this order as Exhibit "B") which ultimately led to the filing of this suit on November 8, 1974, wherein Turner asserts claims of employment discrimination under 42 U.S.C. § 1981 (Equal Rights Under the Law) and 42 U.S.C. § 2000e (Employment discrimination under Title VII of the Civil Rights Act).

■ On June 9, 1975, Defendant moved this Court to dismiss both claims and to award attorneys' fees, urging that there is no jurisdiction of either claim because essential jurisdictional time limits had run. As to the § 1981 claim, I believe that the law is clear: the two year statute of limitations applicable to § 1981 claims is not tolled by filing a claim of a Title VII violation with the EEOC although both claims arise from the same circumstances. In this case, the Plaintiff has clearly allowed more than two years to run before commencing his suit on the § 1981 claim. That portion of Plaintiff's claim must therefore be dismissed. *Johnson v. REA, Inc.*, 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975).

■ The law surrounding Defendant's Motion to Dismiss Plaintiff's Title VII claim is inconsistent; has not been fully discussed in this Circuit; and, hence calls for further analysis. The problem squarely before this Court is whether the 90 day time limit required by 42 U.S.C. 2000e–5(f)(1) (hereinafter referred to as 706(f)) shall run from the date the EEOC issued Turner notice that conciliation efforts failed or from the later notice to Turner of his right to sue. Deciding that the date of the later notice is the controlling one would have the effect of continuing Plaintiff's action, with this Court clearly having jurisdiction. Deciding that the date of notice of non-conciliation is controlling would oust Turner's Title VII claim

from this Court's jurisdiction the 90 day time limit having elapsed. *Genovese v. Shell Oil Co.*, 488 F.2d 84 (5th Cir. 1973). The question presented is made all the more difficult because it appears that Turner may have been misled by the EEOC and may not have known that his rights in this case were slipping away from him. Yet beyond the equitable considerations present here, there exists a higher Constitutional duty of this Court to follow the mandate of Congress as expressed in the statute itself.[1] An administrative agency simply cannot be allowed to alter a duly enacted statute through the use of its own regulations and by inducing an innocent party's reliance on those regulations. Compare 29 CFR § 1601.23 with 42 U.S.C. 2000e–5(f)(1). I therefore order the dismissal of Plaintiff's second cause of action.

In doing so I am aware that there are inchoate rationales for the two letter procedure. The Eighth Circuit in *Tuft v. McDonnell Douglas Corp.*, 517 F.2d 1301, (8th Cir., 1975) and the Plaintiff, reason that the two letter procedure is authorized by 706(f) and that even assuming that such a procedure is not expressly authorized, Congress could not have meant that the requirement that the EEOC "so notify" the person aggrieved in 706(f) means anything but effective notification. *Id.* at 1310. While at first blush both arguments seem valid, on a deeper inspection I must disagree with the major premise on which both are based and therefore conclude that their result is in error. That mistaken premise is simply that two letters are required: one to inform the aggrieved party that conciliation efforts have broken off and one to notify him that he has a right to sue. Neither the words

nor the policy of the Act provide any basis for that conclusion. Section 706(f) provides in part:

> If a charge filed with the Commission pursuant to subsection (b) of this section is dismissed by the Commission, *or* if within one hundred and eighty days from the filing of such charge or the expiration of any period of reference under subsection (c) and (d) of this section, whichever is later, the Commission has not filed a civil action under this section *or* the Attorney General has not filed a civil action in a case involving a government . . . *or* the Commission has not entered into a conciliation agreement to which the person aggrieved is a party, the Commission . . . *shall so notify the person aggrieved and within ninety days after the giving of such notice* a civil action may be brought against the respondent . . . . (emphasis supplied) 42 U.S.C. 2000e–5(f)(1).

It is clear that the list of events which trigger when notice must be released is worded in the disjunctive. Thus for example, notice must be given when the Commission has failed to enter into a conciliation agreement *or* when it has failed to file a civil action within the allotted one hundred and eighty days. The statute does not call for notice to be given when the EEOC has made a final determination that it does not intend to file suit. See *DeMatteis v. Eastman Kodak Co., supra; Barfield v. ARC Security, Inc.*, 10 FEP 789, 793 (N.D.Georgia, April 25, 1975). To the contrary, the primary purpose of the notification procedure is to provide information at various points in the administrative process

---

1. In *Whittom v. ITT Cannon Electric*, 395 F.Supp. 492, (D.C.Ariz.1975) the district court construed the 90 day jurisdictional time limit along equitable, rather than constitutional grounds, whereas in *Genovese v. Shell Oil Co.*, 488 F.2d 84 (5th Cir. 1973) ; *DeMatteis v. Eastman Kodak Co.*, 511 F.2d 306 (2nd Cir. 1975) ; *Goodman v. City Prod-* ucts, 425 F.2d 702 (6th Cir. 1970) ; *Harris v. National Tea Co.*, 454 F.2d 307 (7th Cir. 1971) ; *Cleveland v. Douglas Aircraft Co.*, 509 F.2d 1027 (9th Cir. 1975) the Courts held that the issue of jurisdiction is of Constitutional dimensions and therefore must be construed strictly.

so that the aggrieved party may make a decision to opt out of the process and begin his own action in federal court. See HR.Rep. No. 92–238, 92d Cong., 2d Sess. (1972), 1972 U.S.Code Cong. & Admin. News, pp. 2139–40; *Harris v. Sherwood Medical Inc.*, 386 F.Supp. 1149, (E.D.Missouri, 1974). Once notice is given, the responsibility for making a decision to preserve and protect those rights existing under the Act shifts to the aggrieved party. *DeMatteis v. Eastman Kodak Co., supra* at 311. To interpret the statute to allow the Plaintiff 90 days after a request for a right to sue would render the 90 day jurisdictional time limit useless. The aggrieved party would be able to maintain an action at an indeterminate and indefinite period in the future and thereby prejudice the Defendant. Congress could not have meant that a time limit so clearly prescribed by statute should be so easily circumvented by simply issuing notices seriatim. *Id.*

■ The second rationale suggested by the Eighth Circuit and the Plaintiff is that any notification issued under 706(f) must be adequate; that adequacy must in turn be viewed against the remedial [2] purpose of the legislation; and, that therefore the statute must be construed liberally. In this way the Eighth Circuit reasons that notification under the two letter procedure is not sufficient unless both letters are ultimately received by the aggrieved party.[3] Again I disagree with the Eighth Circuit's premise, that notice to the aggrieved party must include both notice of a right to sue and notice that conciliation has been broken off. I read § 706(f) to require *either* notification of conciliation *or* the right to sue. Notification, then, is adequate so long as it informs the aggrieved party of the facts necessary under each prescribed notice.

*Barfield v. ARC Security, Inc.*, supra at 793.

Applying that rule to the facts of the present case I find that I must dismiss Plaintiff's Title VII complaint. The March 6, 1974 letter to Turner is clearly notice that the Commission has failed to conciliate the case. That letter provides in part:

We have been unable to obtain voluntary settlement of your case at this time. Accordingly, we have forwarded your case for further review by the Commission. This process may require a substantial delay. (See Exhibit "A")

The obvious implication of the Commission's language is that conciliation efforts have broken off and that the Commission will review the case for further court action, but that any future decisions on the case will take months and perhaps years to make.

■ Failure to conciliate and not exhaustion of EEOC administrative remedies is all that must be communicated under the statute. *Wilson v. Sharon Steel Corp.*, D.C., 399 F.Supp. 403 (1975). There is nothing material in the letter which indicates that further negotiations were in the offing. The fact that the Commission qualifies its failure to conciliate language by stating that it "[has] been unable to obtain a voluntary settlement . . . *at this time*" must be read with the next two sentences which indicate that "further review" will probably require "substantial delay". (emphasis supplied). Clearly the layman reading such language would understand that the Commission has failed to settle his case and that the Commission's response has been sugar coated to make its bitter taste seem more palatable.

I conclude, therefore, that this Court has no jurisdiction over Plaintiff's complaint, it having been filed more than

2. But see note 1 *supra* and accompanying text.

3. The Plaintiff's reliance on cases which indicate that the aggrieved party must actually receive notice is mistaken for the issue before this Court is not whether the Plaintiffs receive notification but whether the notification they did receive fully complied with 706(f).

90 days after notification of failure to conciliate was issued.

█ Finally, I turn to the question of attorneys' fees. Section 706(k) of Title VII of the Civil Rights Act of 1964, as amended provides:

In any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party, . . . a reasonable attorney's fee as part of the costs . . . .. 42 U. S.C. 2000e–5(k).

While the Fifth Circuit has construed that language to *allow* Defendants to receive attorneys' fees, I find that under the facts of the present case, those fees are not called for and I decline to grant that portion of Defendant's Motion.

It is ordered that Plaintiff's cause of action under 42 U.S.C. § 1981 and under Title VII of the Civil Rights Act of 1964, as amended, be dismissed and that each party bear its own legal and Court costs.

## APPENDIX

## EXHIBIT A

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**DALLAS DISTRICT OFFICE**
400A LANCASTER–KIEST SHOPPING CONCOURSE, SUITE 10
DALLAS, TEXAS 75216

AREA CODE 214
749-1751

March 6, 1974

Mr. Harvey Turner
8353 Campanella Drive
Dallas, Texas 75231

*8606 Forest Green 75231*
*341-0466*

Re: Case No. YAU1 468
Texas Instruments, Inc.

Dear Mr. Turner:

Thank you for your courtesy and patience during our processing of your case, identified above.

We have been unable to obtain voluntary settlement of your case at this time. Accordingly, we have forwarded your case for further review by the Commission. This process may require a substantial delay.

You may request your "right-to-sue" letter from this office at any time, but remember that once it is issued, you will have only ninety (90) days in which to file in Federal Court. If you have any questions, feel free to call me.

Again, thank you for your courtesy and patience.

Sincerely,

Emily R. Howell
Equal Employment Conciliator

1184

**EXHIBIT B**

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**DALLAS DISTRICT OFFICE**
400A LANCASTER-KIEST SHOPPING CONCOURSE, SUITE 10
DALLAS, TEXAS 75216

AREA CODE 214
749-1751

October 17, 1974

Certified Mail
Return Receipt Requested

Case No. YAU1 468
Charge No. 066-00087

Mr. Harvey Turner
8606 Forest Green
Dallas, Texas 75231

Dear Mr. Turner:

Enclosed is your NOTICE OF RIGHT TO SUE WITHIN NINETY DAYS
which you requested. Also enclosed are a copy of your
charge and two pre-addressed post cards. Should you decide
to sue, please have the attorney complete and mail the
cards as soon as possible.

I regret that the Commission has been unable to obtain
voluntary compliance with Title VII of the Civil Rights
Act of 1964, as amended.

Please let my office know if you have any questions.

Sincerely,

George L. Dunbar
District Director

Enclosures
MSV:gcr

cc: Texas Instruments
P. O. Box 5474
Dallas, Texas 75222

Attorney Timothy E. Kelley
2400 Republic Bank Building
Dallas, Texas 75201

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
DALLAS DISTRICT OFFICE
400A LANCASTER-KIEST SHOPPING CONCOURSE, SUITE 10
DALLAS, TEXAS 75216

AREA CODE 214
749-1751

Harvey Turner v. Texas Instruments
8606 Forest Green P. O. Box 5474
Dallas, Texas 75231 Dallas, Texas 75222

### NOTICE OF RIGHT TO SUE WITHIN 90 DAYS

Pursuant to Section 706(f) (1) of Title VII of the Civil
Rights Act of 1964, as amended, you are hereby notified
that you may, within ninety (90) days of receipt of this
communication, institute a civil action in the appropriate
Federal District Court. If you are unable to retain an
attorney, the Federal District Court is authorized, in its
discretion, to appoint an attorney to represent you and
to authorize commencement of the suit without payment of
fees, costs, or security. If you decide to institute suit
and find you need assistance, you may take this notice,
along with any correspondence you have received from the
Commission, to the Clerk of the Federal District Court
nearest to the place where the alleged discrimination
occurred, and request that a Federal District Judge appoint
counsel to represent you.

10-18-74
_____
Date

George L. Dunbar
_____
George L. Dunbar, District Director