**Eddie B. STROZIER, on behalf of himself and all others similarly situated, Plaintiff-Appellant,**

v.

**GENERAL MOTORS CORPORATION (Lakewood Assembly Plant), Defendant-Appellee.**

No. 78–1467
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Nov. 27, 1978.

S. Ralph Martin, Jr., Atlanta, Ga., for plaintiff-appellant.

Kidd, Pickens & Tate, John A. Pickens, King & Spalding, William A. Clineburg, Jr., R. Byron Attridge, Charles H. Kirbo, Marceil Morrell, Atlanta, Ga., Otis M. Smith, General Motors Corp., Detroit, Mich., for defendant-appellee.

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

**756**

Douglas S. McDowell, Robert E. Williams, Attys., Washington, D.C., amicus curiae.

Before BROWN, Chief Judge, COLEMAN and VANCE, Circuit Judges.

PER CURIAM:

Appellant Strozier brought this action against his employer, General Motors Corp., under Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. § 2000e *et seq.*, and 42 U.S.C.A. § 1981. In his complaint he alleged four specific instances of racial discrimination.[1] General Motors filed a motion for summary judgment, but the District Court deferred ruling on it pending the outcome on appeal of either *Stansell v. Sherwin-Williams Co.*, Civil No. C75–379A (N.D.Ga., Nov. 18, 1975), or *Turner v. Texas Instruments, Inc.*, 401 F.Supp. 1179, 11 F.E.P. 748 (N.D.Tex.1975). Following this Court's decisions in *Turner v. Texas Instruments, Inc.*, 5 Cir., 1977, 556 F.2d 1349, and *Page v. U. S. Industries, Inc.*, 5 Cir., 1977, 556 F.2d 346, the District Court ordered the parties to file renewed motions.

Defendant accordingly submitted its renewed motion to dismiss or in the alternative for summary judgment. Plaintiff then filed a motion to amend, asserting an additional claim. In its order of December 22, 1977,[2] the District Court dismissed the first two claims and granted summary judgment on the second two, but did not address either the motion to amend or the additional claim. Because the judgment fails to adjudicate all of Strozier's claims as required by F.R.Civ.P. 54(b), we dismiss the appeal for want of jurisdiction.[3] *General Motors Corp. v. Dade Bonded Warehouse, Inc.*, 5 Cir., 1974, 498 F.2d 327.

APPEAL DISMISSED.

1. For a more detailed procedural and factual history, see the District Court's opinion. *Strozier v. General Motors Corp.*, N.D.Ga., 1977, 442 F.Supp. 475.

2. *Strozier v. General Motors Corp.*, N.D.Ga., 1977, 442 F.Supp. 475.

3. We also point out that the District Judge filed no certificate under F.R.Civ.P. 54(b), indicating that there is no just reason for delay.

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.