EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff,

v.

The JOHNSON COMPANY, Defendant.

No. 1–75–Civ. 317.

United States District Court,
D. Minnesota,
First Division.

Nov. 18, 1975.

Daniel A. Flores, Trial Atty., Equal Employment Opportunity Commission, Chicago, Ill., for plaintiff.

Mark L. Torgrimson, Michaels, Bishop, Seeger & Rosenblad, Rochester, Minn., for defendant.

LARSON, District Judge.

This case arises under Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000e, *et seq.*, and concerns a sex discrimination charge alleging discriminatory employment practices and a retaliatory discharge. Complainant, Ms. Helen Fifield, filed charges with plaintiff Equal Employment Opportunity Commission (EEOC) on January 9, 1973. On January 10, 1973, plaintiff deferred to the Minnesota Department of Human Rights (MDHR) pursuant to 42 U.S.C. § 2000e–5(c). Following the 60 day deferral period, EEOC asserted jurisdiction over the charge on March 12, 1973. On August 22, 1973, MDHR found no probable cause to believe defendant guilty of sex discrimination. On February 14, 1975, some twenty-three months after assuming jurisdiction, EEOC's District Director at Milwaukee found reasonable cause existed to believe defendant had violated Title VII. Conciliation efforts failed. The case was reviewed at plaintiff's Chicago litigation office and by the Commission's General Counsel in Washington, D.C. Following presentation of the case to the full Commission on August 5, 1975, a decision to file this lawsuit was made.

Now before the Court is defendant's motion to dismiss, based on various alleged failures of the EEOC to follow proper procedures. The stated theory of defendant's motion is that various statutory preconditions to bringing suit have not been complied with and that, absent such compliance by EEOC, this Court lacks "subject matter" jurisdiction. Defendant does not deny that if statutory procedures have been followed this Court has jurisdiction of the subject matter of this lawsuit pursuant to 42 U.S.C. § 2000e–5(f)(1) and (3), and 28 U.S.C. §§ 1343(4) and 1345.

Defendant's first argument is that EEOC's failure to make the "reasonable cause" determination of 42 U.S.C. § 2000e–5(b) within 120 days of agency assumption of jurisdiction violated a statutory precondition to suit. In response, plaintiff argues that the 120 day clause is not mandatory and is not a limitations period. This issue was recently addressed by the Eighth Circuit in *Tuft v. McDonnell Douglas Corp.*, 517 F.2d 1301, 1307 (8th Cir. 1975), and this

Court agrees fully with Judge Bright's observations therein:

"[I]n § 706(b), Congress recommended, but did not mandate, that the EEOC make a determination on reasonable cause within 120 days. This provision reads in pertinent part:

The Commission shall make its determination on reasonable cause as promptly as possible and, so far as practicable, not later than one hundred and twenty days from the filing of the charge or, * * * from the date upon which the Commission is authorized to take action with respect to the charge. [42 U.S.C. § 2000e–5(b).]

The use of this language—'as promptly as possible and, so far as practicable'—demonstrates that Congress did not set specific administrative deadlines. Given the congressional emphasis on conciliation, we cannot conclude that Congress intended a 180-day cutoff period for Commission enforcement actions when Congress explicitly noted that determinations on reasonable cause alone might take more than 120 days."

Judge Bright's holding regarding the 180 day cutoff period has been reaffirmed by another panel of the Eighth Circuit, *EEOC v. Meyer Brothers Drug Co.*, 521 F.2d 1364 (8th Cir. 1975), and is in accord with the decisions of the four other Courts of Appeal which have confronted that issue. *See, EEOC v. E. I. duPont de Nemours & Co.*, 516 F.2d 1297 (3rd Cir. 1975); *EEOC v. Cleveland Mills Co.*, 502 F.2d 153 (4th Cir. 1974), *cert. denied*, 420 U.S. 946, 95 S.Ct. 1328, 43 L.Ed.2d 425 (1975); *EEOC v. Louisville & Nashville R. Co.*, 505 F.2d 610 (5th Cir. 1974), *cert. denied*, 423 U.S. 824, 96 S.Ct. 39, 46 L.Ed.2d 41 (1975), and *EEOC v.*

*Kimberly-Clark Corp.*, 511 F.2d 1352 (6th Cir. 1975). It would make little sense for Congress to require that reasonable cause determinations must be made within 120 days when Congress chose not to impose any definite limitations period on EEOC's right eventually to sue.

Congress intended EEOC enforcement and conciliation efforts to play a central role in Title VII dispute resolution, *Tuft v. McDonnell Douglas Corp., supra*, at 1306, and Congress was fully aware in 1972 of the existence of the immense EEOC case backlog.[1] It would have been inconsistent for Congress, in vesting major new enforcement responsibilities in an already overburdened agency, to impose upon that agency totally unrealistic time limitations for the discharge of its critically important functions. In this Court's view a 120 day reasonable cause limitation would be no more realistic than a cutoff period of 180 days for the filing of suit. Failure to find reasonable cause within 120 days did not divest this Court of jurisdiction and is not a bar to this suit.

Defendant argues alternatively that if the 120 day period is not an absolute bar, nonetheless when the reasonable cause finding was delayed 19 months beyond the 120 day period, EEOC must bear a heavy burden of demonstrating why it was not "practicable" to find reasonable cause far more quickly than was done here. It is important to differentiate between whether on the one hand this Court has jurisdiction (or perhaps whether a cause of action has been stated[2]), and whether on the other hand defendant may be able to establish a defense at trial. The Court is given jurisdiction not to review administrative action but to conduct a trial *de novo. Alexander*

---

1. Many claimants were experiencing 18 to 24 month delays. *EEOC v. Kimberly-Clark Corp.*, 511 F.2d 1352, 1355, n.4 (6th Cir. 1975). At a time when the existing backlog was 40,000 cases, EEOC enforcement authority was extended to all pending cases as well as to those subsequently filed. *EEOC v. Louisville & Nashville R. Co.*, 505 F.2d 610, 613 (5th Cir. 1974).

2. Although defendant adheres to its "subject matter jurisdiction" characterization of its motion, the nonoccurrence of a necessary condition precedent to suit might also be viewed as rendering it impossible for EEOC to state a claim upon which relief could be granted. In view of the disposition of this case, it is not necessary for the Court to express a view as to which of these characterizations is more doctrinally correct.

*v. Gardner-Denver Co.,* 415 U.S. 36, 38, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974). So far as the statute discloses, there are only two administrative preconditions to existence of jurisdiction over EEOC enforcement suits: (1) the passing of 30 days from filing of the charge, and (2) the failure of conciliation efforts.[3] *EEOC v. Kimberly-Clark Corp., supra,* at 1355. Even if EEOC's right to sue is dependent upon completion of all the administrative steps in Title VII and in EEOC's regulations, *cf., EEOC v. E. I. DuPont de Nemours & Co.,* 373 F.Supp. 1321, 1333 (D.Del.1974), *certification of separate issue aff'd,* 516 F.2d 1297 (3rd Cir. 1975), in this case every step seems eventually to have been followed. The mere fact of delay does not raise a jurisdictional issue and does not foreclose suit. Rather, it may be that such delay and the alleged prejudice caused thereby raise equitable defenses in a proceeding in which District Courts are armed "with full equitable powers." *Albemarle Paper Co. v. Moody,* 422 U.S. 405, 95 S.Ct. 2362, 45 L.Ed.2d 280 (1975). The existence and availability of such defenses is a question for trial on the merits. *EEOC v. Louisville & Nashville R. Co., supra,* at 617.

■ Defendant's second claim is that EEOC violated its own regulations. The regulation in question, 29 C.F.R. § 1601.-19b(b), requires that the Commission promptly notify the parties of its reasonable cause determination. Defendant's argument is that a notification which came 23 months after the EEOC obtained jurisdiction cannot be considered prompt. This position is merely a reformulation of the 120 days argument, which the Court has considered and rejected above. Defendant does not deny that once reasonable cause was found it was promptly notified of the finding. In promptly giving this notice, plaintiff complied with the regulation in question.

■ Defendant argues thirdly that the Commission's delegation to its District Directors of the authority to make unreviewable reasonable cause determinations is void, and that the reasonable cause determination in this case and the administrative proceedings subsequent thereto are likewise nullities. Defendant relies on *EEOC v. Raymond Metal Products Co.,* 385 F.Supp. 907, 923–26 (D.Md.1974) (hereinafter *Raymond Metal*), which does support defendant's position. This Court joins three other Federal District Courts which have respectfully declined to follow *Raymond Metal.*[4] *See EEOC v. Airguide Corp.,* 10 FEP cases 1227 (S.D.Fla. May 23, 1975); *EEOC v. MFC Services,* 10 FEP Cases 942 (S.D.Miss. March 20, 1975); and *EEOC v. FMC Corp.,* 10 FEP Cases 945 (M.D.Fla. May 7, 1975). In view of the administrative caseload confronting the EEOC, the reasoning of the Court in *EEOC v. MFC Services, supra,* at 943, is particularly persuasive:

"... Congress must have recognized that the five-member Commission could not and cannot make all administrative decisions itself, and, in the absence of procedures for administrative review in the statutory language, none are required."

Not only did Congress not mandate such review, but review is not compelled by due process. Due process is a flexible concept.

---

**3.** It is presently not clear what, if any, additional administrative procedures must precede an EEOC enforcement suit. The *Kimberly-Clark* and *duPont* cases, cited in the text, represent divergent views on this question.

**4.** A key element in *EEOC v. Raymond Metal Products Co.,* 385 F.Supp. 907 (D.Md.1974), was the finding that the powers delegated gave "District Directors *de facto* power to institute a civil action," *Raymond Metal* at 925, because a Director's finding that conciliation had failed was "the statutory trigger for litigation." *Ibid.* This view seems incorrect. 42 U.S.C. § 2000e–

5(f)(1) provides that if 30 days have elapsed from the filing of the charge, and if conciliation efforts have failed, then "the Commission may bring a civil action." There is no automatic triggering of litigation. Rather, the decision whether to sue is reposed in the sound discretion of the Commission itself, which has not delegated this responsibility to anyone. 29 C.F.R. §§ 1600, *et seq.* There is no abnegation of responsibility here, and the Commission's delegation of authority to its District Directors seems both reasonable and necessary.

Among the variables which determine how much process is due in a case such as this are the following: (1) whether agency determinations affect legal rights, *Hannah v. Larche*, 363 U.S. 420, 441, 80 S.Ct. 1502, 4 L.Ed.2d 1307 (1959); (2) whether the proceeding is adjudicative or merely investigative and fact finding, *id.*, at 445–6, 80 S.Ct. 1502; and (3) whether the allegedly aggrieved party is entitled to subsequent adjudicative proceedings which accord "all the traditional judicial safeguards." *Id.*, at 446, 80 S.Ct. 1502. The reasonable cause finding determines no one's rights; it is simply one step in a process of investigation and attempted conciliation; and if this process fails to resolve the dispute defendant is at worst [5] subjected to a *de novo* trial in Federal District Court. *See, EEOC v. FMC, supra*, at 946. In these circumstances due process does not require Commission review of the Director's reasonable cause determination.

 Defendant argues finally that the EEOC did not accord substantial weight to the findings of MDHR, in violation of the express directive of 42 U.S.C. § 2000e–5(b). Defendant reasons that since MDHR did not find probable cause, and since the charge before EEOC was identical to that before MDHR, EEOC could not have accorded substantial weight to MDHR findings. Though procedural regularity may be a precondition to an EEOC suit, such a suit is a trial *de novo*, and District Courts should not undertake pretrial review of the underlying factual basis of Commission determinations. *EEOC v. E. I. DuPont de Nemours & Co., supra*, 373 F.Supp. at 1338; [6] *cf., U. S. v. Building and Construction Trades*

*Council of St. Louis, Missouri*, 271 F.Supp. 447, 453 (E.D.Mo.1966). Although the Court eschews consideration of the merits of the Commission's reasonable cause determination, it is true that § 2000e–5(b) contains a specific and clear directive to the Commission, and a failure to accord substantial weight to MDHR's findings would be a serious procedural default. In the instant case, however, the affidavit of the District Director of the Milwaukee District Office of EEOC, who made the reasonable cause determination in this case, states that substantial weight was given to MDHR's findings and orders.[7] EEOC, having followed all the procedural steps mandated by Congress, should not be compelled to litigate the question of whether the substantial weight it accorded MDHR's findings was substantial enough.

There being no evidence of any serious or jurisdictional default by EEOC in following its own procedures or in following congressional mandates,

IT IS ORDERED:

That defendant's motion to dismiss be, and hereby is, denied.

---

**5.** In its Memorandum plaintiff refers the Court to unpublished budgetary statistics indicating that in fiscal 1974 there were 4,024 unsuccessful conciliation efforts, during which period EEOC authorized institution of 164 suits.

**6.** The *DuPont* Court noted that the potential for delay from such undertakings would be substantial. The duties placed upon Federal District Court judges by Title VII mandate that judges not sanction any delays which are not clearly necessary to the proper administration of justice. 42 U.S.C. § 2000e–5(f)(5).

**7.** Such *post hoc* litigation affidavits are not normally adequate for review of administrative action. *Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402, 419, 91 S.Ct. 814, 28 L.Ed.2d 136 (1971). Such affidavits are adequate, however, to determine that EEOC did in fact exercise the discretion which Congress directed it to exercise, and the affidavit is thus satisfactory for the purposes of the extremely limited review which may be appropriate in this case.