**EQUAL EMPLOYMENT OPPORTUNI-TY COMMISSION, Plaintiff,**

v.

**CAROLINA FREIGHT CARRIERS CORP., Defendant.**

No. 87–6322–CIV.

United States District Court, S.D. Florida, N.D.

June 9, 1988.

Stanley Kiszkiel, E.E.O.C., Miami, Fla., for plaintiff.

Peter Reed Corbin, Jacksonville, Fla., for defendant.

## ORDER

GONZALEZ, District Judge.

THIS CAUSE has come before the court upon the cross-motions for summary judgment of the plaintiff Equal Employment Opportunity Commission ("EEOC") and the defendant Carolina Freight Carriers Corporation ("Carolina Freight"). The parties each seek summary judgment on the issues raised in Carolina Freight's fifth and sixth affirmative defenses.

The EEOC has filed this suit on behalf of the charging party, Mr. Francisco Rios. Mr. Rios charged that Carolina Freight refused to hire him as a full-time truck driver because of his national origin and then fired him after he filed a complaint with the EEOC. The defenses addressed in this motion apparently apply only to the initial failure to hire charge.

Pursuant to Section 706(c) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e–5(c), the failure to hire complaint was referred to the Broward County Human Relations Division in Fort Lauderdale, Florida. After a hearing, a five-member panel of the Broward County Human Rights Board found that no violation of the Broward County Human Rights Ordinance had been shown. The panel determined that Carolina Freight's refusal to promote Mr. Rios to a full-time truck driver position was based on the company's policy against hiring individuals with felony convictions as full-time drivers. Mr. Rios had been convicted of receiving stolen property. An appeals panel affirmed the Board's finding of no discrimination.

The charge was referred back to the EEOC and on January 13, 1986, the District Director, Federico Costales issued a Letter of Determination finding reasonable cause to believe the charge was true. This suit followed.

■ In its fifth and sixth affirmative defenses, Carolina Freight contends that the EEOC failed to fulfill the statutory requirements for filing suit by failing to issue a valid reasonable cause determination and failing to accord substantial weight to the findings of the Broward County Human Rights Board. The EEOC, of course, argues that it has fulfilled the statutory requirements for filing suit and also seeks partial summary judgment on those issues.

Prior to filing suit under Title VII, the EEOC must determine whether reasonable cause for the charge exists. 42 U.S.C. § 2000e–5(b). "In determining whether reasonable cause exists, the [EEOC] shall accord substantial weight to final findings and orders made by State or local authorities in proceedings commenced under State or local law pursuant to the requirements of subsections (c) and (d) of this section." 42 U.S.C. § 2000e–5(b).

In its cross-motion for partial summary judgment, Carolina Freight argues that the EEOC failed to follow the mandate of § 2000e–5(b) by not stating in its Letter of Determination that it had given substantial weight to the findings and final order of the Broward County Human Rights Board. The District Director who issued the Letter of Determination has made a declaration stating that he issued the Letter of Determination after according substantial weight to the findings of the Broward County Human Relations Division. Carolina Freight argues that this court cannot consider the EEOC's *"post facto"* statement.

One court which has considered the issue of what the EEOC must show to prove that

it afforded substantial weight to the state agency's determination held that a *post hoc* affidavit by the person making the reasonable cause determination is sufficient for the limited review of the district court. *See EEOC v. Johnson Co.*, 421 F.Supp. 652, 657 n. 7 (D.Minn.1975). The court held that the EEOC should not be compelled to litigate the question of whether the substantial weight it accorded the state agency's findings was substantial enough. *Id.*

 The fact that the EEOC found reasonable cause that the charge was true while the Broward County Human Rights Board found that no discrimination occurred is not contrary to the directives of Title VII. As the United States Supreme Court recently concluded, "Congress did not intend unreviewed state administrative proceedings to have preclusive effect on Title VII claims." *University of Tennessee v. Elliott*, 478 U.S. 788, 796, 106 S.Ct. 3220, 3225, 92 L.Ed.2d 635 (1986) (footnote omitted). Although the EEOC must accord substantial weight to the state agency's findings, it "is not bound by such findings." *Kremer v. Chemical Construction Corp.*, 456 U.S. 461, 469, 102 S.Ct. 1883, 1891, 72 L.Ed.2d 262 (1982).

In particular, the EEOC is not bound to accord any weight, for the purpose of applying Federal Law, to the state agency's conclusions of law. 29 C.F.R. § 1601.21(e)(iii)(1987). In the present case, the state agency found that the hiring decision of Carolina Freight was made upon the policy of not hiring convicted felons. The EEOC determined that as a matter of federal law, Carolina Freight's policy had a disparate impact upon Hispanic applicants, such as the charging party Mr. Rios, and thus violated federal law. For that reason, the court must find that the EEOC issued a valid reasonable cause determination and did afford substantial weight to the findings of the Broward County Human Rights Board. Accordingly, it is hereby

ORDERED AND ADJUDGED that the Motion for Partial Summary Judgment of the defendant Carolina Freight be and the same is DENIED. The Motion for Partial Summary Judgment of the plaintiff EEOC be and the same is GRANTED. Judgment shall enter on behalf of the EEOC on Carolina Freight's fifth and sixth affirmative defenses.