**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff,**

v.

**JAMES JULIAN, INC., Defendant.**

**Civ. A. No. 89–537–JRR.**

United States District Court,
D. Delaware.

May 7, 1990.

Patricia C. Hannigan, Asst. U.S. Atty., D. Del., Wilmington, Del., for plaintiff.

Robert J. Stewart, Jr. of Duane, Morris & Heckscher, Wilmington, Del., for defendant.

## OPINION

ROTH, District Judge.

The Equal Employment Opportunity Commission ("Commission") filed the complaint in this action on September 29, 1989, charging defendant James Julian, Inc., with violations of sections 703(a)(1) and 704(a) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–2(a)(1), 2000e–3(a), against Bernard Thompson ("Thompson"), a former employee of the defendant. The Commission charges that the defendant terminated Thompson from his employment because of his race and in retaliation for Thompson's having filed a grievance with his union charging the defendant with racial discrimination. The Commission asserts that this Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345, and 42 U.S.C. § 2000e–5(f)(3).

Presently before the Court is defendant's motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. For the reasons stated below, this motion must be denied.

## FACTS

The following facts appear from the complaint and the parties' briefs concerning defendant's motion to dismiss, and are viewed in the light most favorable to plaintiff as the nonmoving party. *Miree v. DeKalb County, Ga.*, 433 U.S. 25, 27 n. 2, 97 S.Ct. 2490, 2492 n. 2, 53 L.Ed.2d 557 (1977). Thompson was fired by James Julian, Inc., on August 22, 1983. He filed a complaint with the Delaware Department of Labor ("DDOL") on October 5, 1983, alleging that he was discharged due to his race in violation of section 711(a)(1) of title 19 of the Delaware Code. This statute provides:

(a) It shall be an unlawful employment practice for an employer to:

(1) Fail or refuse to hire or to discharge any individual or otherwise to discriminate against any individual with respect to his compensation, terms, conditions or privileges of employment because of such individual's race, martial status, color, age, religion, sex or national origin. . . .

19 *Del. C.* § 711(a)(1). The terms of this Delaware statute closely parallel section 703(a)(1) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e–2(a)(1). *Cannon v. Delaware State Personnel Comm'n*, 523 F.Supp. 341, 344 (D.Del.1981). However, this and related Delaware statutory provisions contain no express prohibition against retaliatory discrimination in the manner prohibited by section 704(a) of Title VII, 42 U.S.C. § 2000e–3(a).

Thompson also filed a complaint with the Commission on October 5, 1983, claiming that he was discharged on the basis of his race in violation of section 703(a)(1) of Title VII, 42 U.S.C. § 2000e–2(a)(1). The Commission deferred consideration of the complaint filed in its office until after the DDOL had had time to process the complaint Thompson had filed with that state agency.

On March 3, 1984, the DDOL issued a determination that probable cause existed to believe the defendant had discriminated against Thompson on the basis of his race in violation of section 711(a)(1). That determination was reviewed by the Delaware Equal Employment Review Board ("Delaware Review Board"), which conducted five days of adversarial hearings between December 10, 1985, and April 22, 1986, during which the parties presented evidence supporting their positions. In October, 1986, the Delaware Review Board issued a decision and order in which it found that reasonable cause did not exist to believe the defendant had violated the Delaware law as charged by Thompson. This decision was binding upon the DDOL.

On February 6, 1987, the Commission was informed by the DDOL that the latter had completed its processing of the Thompson complaint. The Commission reviewed the DDOL and Delaware Review Board findings to determine if the Commission should adopt those findings. On July 28, 1987, the Commission determined that it

should not adopt the findings of the Delaware Review Board, because the Thompson complaint raised an issue of retaliatory discrimination not addressed by the findings of the DDOL or Delaware Review Board. In late 1987, Thompson amended his complaint with the Commission to charge retaliatory discrimination. The Commission conducted its own investigation, rather than return the case to the DDOL, and determined that probable cause existed to find defendant liable for retaliatory and racial discrimination under federal law. After attempted conciliation efforts with defendant failed, the Commission filed the complaint in this action.

## DISCUSSION

Defendant's motion to dismiss is based on the contention that this Court lacks subject matter jurisdiction because the Commission failed to satisfy the statutory prerequisites to that agency's exercise of its authority to file suit in federal court. In particular, defendant contends that the Commission failed to accord "substantial weight" to the findings of the Delaware Review Board, as required under section 706(b) of Title VII, 42 U.S.C. § 2000e-5(b), and 29 C.F.R. § 1601.21(e)(2).

■ The defendant's argument must be rejected. The Commission is authorized to file suit in federal district court if it has found reasonable cause to believe that the charges against the defendant have merit, and it has attempted and failed to obtain a conciliation agreement with the defendant addressing the substance of those charges. 42 U.S.C. § 2000e-5(b), 2000e-5(f)(1); *see E.E.O.C. v. E.I. DuPont de Nemours & Co.*, 373 F.Supp. 1321, 1333-34 (D.Del. 1974), *aff'd*, 516 F.2d 1297 (3d Cir.1975). However, a court shall only disallow a suit by the Commission if it is evident that the Commission failed to even undertake an investigation and reasonable cause determination, or failed to even attempt to resolve the matter by conciliation as a statutory prerequisite to the Commission's filing of a complaint. *See, e.g., E.E.O.C. v. Keco Indus., Inc.*, 748 F.2d 1097, 1101-02 (6th Cir. 1984); *E.E.O.C. v. Pierce Packing Co.*, 669 F.2d 605, 607-08 (9th Cir.1982). If a concil-

iation is attempted, but fails, suit may be brought.

Section 2000e-5(b) requires the Commission to accord "substantial weight" to the final findings and orders of State authorities "[i]n determining whether reasonable cause exists" to believe that the charges against the defendant are true. If such reasonable cause is determined to exist, the Commission will then attempt to resolve the matter through conciliation, and file suit if that effort fails. The "substantial weight" requirement is thus a part of the Commission's deliberative process that leads to a reasonable cause determination and subsequent conciliation or filing of suit. 42 U.S.C. § 2000e-5(b).

■ Federal district courts exercise *de novo* review of the discrimination charges upon which the Commission files suit. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 798-99, 93 S.Ct. 1817, 1822, 36 L.Ed.2d 668 (1973). District courts therefore should not engage in detailed reviews of the underlying basis of the Commission's determinations of reasonable cause as a statutory prerequisite to that agency's authority to bring suit. This Court's past observation remains just as true today:

> It is one thing for courts to insist upon procedural compliance with the Act and quite another for them to test the factual basis for Commission action. The potential for delay and diversion which such an undertaking would create is substantial; the limited benefit to be derived from such an approach is insufficient to outweigh this drawback. The Commission's determination does not establish rights or obligations; the respondent is entitled to a trial *de novo* in the district court. If the charge is frivolous or misdirected, procedures are there available by which the respondent may extricate himself from liability.

*E.E.O.C. v. E.I. DuPont de Nemours & Co.*, 373 F.Supp. at 1338; *accord E.E.O.C. v. Keco Indus., Inc.*, 748 F.2d at 1100 (district court inquiry into sufficiency of Commission's investigation leading to probable cause determination constitutes error); *E.E.O.C. v. Johnson Co.*, 421 F.Supp. 652, 657 (D.Minn.1975) ("Though procedural regularity may be a precondition to an

**62**

EEOC suit, such a suit is a trial *de novo*, and District Courts should not undertake pretrial review of the underlying factual basis of Commission determinations."). This view is supported by the fact that, although the Commission is required to give state agency findings substantial weight in considering whether reasonable cause exists, the Commission "is not bound by such findings." *Kremer v. Chemical Constr. Corp.*, 456 U.S. 461, 469, 102 S.Ct. 1883, 1891, 72 L.Ed.2d 262 (1982); *see also University of Tennessee v. Elliott*, 478 U.S. 788, 796, 106 S.Ct. 3220, 3224, 92 L.Ed.2d 635 (1986) (state agency findings unreviewed by state courts have no preclusive effect on Title VII claims).

■ Such a detailed evidentiary review by this Court is particularly unwarranted given the fact that federal regulations define the scope of "substantial weight" in a manner that demonstrates that the Commission had no reason to accord such weight to the Delaware Review Board's findings. Those regulations provide that substantial weight should be accorded if, among other things, "[t]he practices prohibited by the State or local law are comparable in scope to the practices prohibited by Federal law." 29 C.F.R. § 1601.21(e)(2)(ii). As noted above, Delaware law does not provide for a claim of retaliatory discrimination in the manner provided under federal law. The Commission's determination that conciliation or suit should be pursued, rather than refer the matter back to the DDOL, was based on this difference in the federal and state law. Therefore, this Court can find no procedural irregularity in the Commission's exercise of its authority to file suit in this action. *See E.E.O.C. v. Carolina Freight Carriers Corp.*, 686 F.Supp. 309, 311 (S.D.Fla.1988) (applying similar exception to substantial weight requirement under 29 C.F.R. § 1601.21(e)(2)).

### CONCLUSION

For the reasons discussed above, defendant's motion to dismiss the complaint is denied. An appropriate order will follow.