**UNITED STATES of America, Plaintiff,**

v.

**Pat CURLEE, Gerald Rubin, and the Estate of Seymour Zucker, Defendants.**

**No. CV 91–5743 WJR (Kx).**

United States District Court, C.D. California.

Jan. 29, 1992.

Brian F. Heffernan, William B. Senhauser, U.S. Dept. of Justice, Civ. Rights Div., Washington, D.C., Stan Blumenfeld, Asst. U.S. Atty., Los Angeles, Cal., for plaintiff.

Arthur Grebow, Grebow & Barish, Los Angeles, Cal., Robert Lemen, Murtaugh, Miller, Meyer & Nelson, Orange, Cal., for defendants.

Christopher Brancart, Brancart & Brancart, Pescadero, Cal., for nonfederal plaintiffs.

## ORDER

REA, District Judge.

This case arises from two housing discrimination complaints filed, pursuant to the Fair Housing Act, as amended, 42 U.S.C. §§ 3601 *et seq.*, with the U.S. Department of Housing and Urban Development (HUD) by Theodore Cloud and Charles and Marsha Kimball on April 19 and 23, 1990, respectively. In these complaints, Cloud and the Kimballs allege that the defendants discriminated against Cloud on the basis of race when they refused to approve his application to reside in the Cedar Village Mobile Home Park in Bloomington, California, owned and operated by the defendants, after Cloud had agreed to purchase a mobile home in Cedar Village owned by the Kimballs.

Pursuant to the enforcement scheme created by the amended Fair Housing Act, HUD investigated these complaints and found reasonable cause to believe that discriminatory housing practices had occurred. *See* 42 U.S.C. § 3610(g). There-

fore, on September 20, 1991, HUD issued Charges of Discrimination, pursuant to 42 U.S.C. § 3610(g)(2)(A), charging defendants with engaging in discriminatory housing practices in violation of 42 U.S.C. § 3604. On September 26, 1991, Cloud and the Kimballs elected to proceed in federal district court pursuant to 42 U.S.C. § 3612(a). The Department of Justice then filed this action on behalf of Cloud and the Kimballs, alleging that the defendants engaged in discriminatory conduct in violation of the Fair Housing Act.

Defendants have moved the Court to dismiss this action pursuant to Rule 12(b)(1), Fed.R.Civ.P. Defendants argue that the United States' Complaint should be dismissed with prejudice because HUD failed to complete its investigation and issue a charge of discrimination, or inform defendants of this fact, within 100 days after the filing of the HUD complaints. *See* 42 U.S.C. §§ 3610(a)(1)(B)(iv), (C), and (g)(1).

The 100 day period specified in 42 U.S.C. § 3610 is not mandatory and does not raise a jurisdictional issue. The statute explicitly allows HUD to continue its investigation whenever it is "impracticable" to complete it within 100 days. Congress' use of the term "impracticable" removes that time period from the realm of mandatory action under the Fair Housing Act. *See, e.g., Secretary of HUD v. Baumgardner,* Fair Hous. Fair Lend. Rep. (P–H) ¶ 25,006 at 25,097 (November 15, 1990) (Andretta, A.L.J.); *Secretary of HUD v. Murphy,* Fair Hous. Fair Lend. Rep. (P–H) ¶ 25,002 at 25,018 n. 2 (July 13, 1990) (Cregar, A.L.J.).[1]

In the Fair Housing Act, Congress expressly limited to two years the time during which private parties might initiate suit, and to eighteen months the Attorney General's right to initiate a civil action pursuant to a referral by the Secretary of HUD under Section 3610(g). 42 U.S.C. §§ 3613 & 3614. Congress made no similar statement of limitation with regard to the filing of election suits under 42 U.S.C. § 3612(*o*), except the requirement, complied with here, that such suit be filed within 30 days of the election to proceed in federal district court. To read the 100–day provision as a time bar would be to cut off the enforcement powers of the United States and complainants' rights, contrary to the purposes of the Fair Housing Amendments Act of 1988. *See EEOC v. Kimberly-Clark Corp.,* 511 F.2d 1352, 1357 (6th Cir.), *cert. denied,* 423 U.S. 994, 96 S.Ct. 420, 46 L.Ed.2d 368 (1975).

The 100–day provision in the Fair Housing Act is part of a new procedural framework enacted by Congress in 1988 to augment HUD's enforcement powers and to provide effective, less costly procedures to vindicate complainants' civil rights. *See, e.g.,* H.R.Rep. No. 711, 100th Cong., 2d Sess. 13 (1988), U.S.Code Cong. & Admin.News 1988, pp. 2173, 2174. Congress intended, in enacting the 100–day provision, to hasten, not foreclose, complainants' access to a forum. If the 100–day provision were a jurisdictional limitation, thousands of complainants might be deprived of the opportunity to avail themselves of the complaint procedure Congress enacted. *Cf. EEOC v. Louisville & Nashville R.R. Co.,* 505 F.2d 610, 613 (5th Cir.1974).[2] HUD's inability to complete its investigation or notify defendants within 100 days does not deprive this Court of subject matter jurisdiction.

Furthermore, HUD's failure to meet the 100–day deadline has not significantly prejudiced the defendants. Neither the length of the investigation nor any change in the defendants' circumstances since the expiration of the 100 day period in August of

---

**1.** Courts that have dealt with similar language in Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.,* have come to this conclusion. *See, e.g., EEOC v. Occidental Life Ins. Co.,* 535 F.2d 533, 536 (9th Cir.1976), *aff'd,* 432 U.S. 355, 97 S.Ct. 2447, 53 L.Ed.2d 402 (1977); *Tuft v. McDonnell Douglas Corp.,* 517 F.2d 1301, 1307 (8th Cir.1975); *EEOC v. Johnson Co.,* 421 F.Supp. 652, 654 (D.Minn.1975).

**2.** Further evidence of Congressional recognition that HUD might not complete all of its investigations within 100 days is found in 42 U.S.C. § 3608(e)(2)(B)(i) which specifically requires HUD to report annually the number of instances in which it fails to do so.

1990 has harmed defendants to a degree warranting dismissal in this case. *See, e.g., EEOC v. Westinghouse Elec. Corp.,* 592 F.2d 484, 486 (8th Cir.1979); *EEOC v. Liberty Loan Corp.,* 584 F.2d 853, 857–58 (8th Cir.1978).

HUD's inability to complete its investigation or notify defendants within 100 days after the filing of the complaints in this action is non-jurisdictional and has not caused significant injury or prejudice to the defendants. HUD's actions do not, therefore, justify dismissal of the Complaint.

Defendants' Motion to Dismiss is hereby DENIED.

It is so ordered.