UNITED STATES of America, Plaintiff,

v.

SEA WINDS OF MARCO, INC., Jayne Averill, Bernard Foehl, Defendants.

No. 94–366–CIV–FTM–17D.

United States District Court, M.D. Florida, Fort Myers Division.

July 7, 1995.

Patricia A. Kerwin, U.S. Attys. Office, M.D. Fla., Tampa, FL, for plaintiff.

Kimberly Ann Ashby, Maguire, Voorhis & Wells, P.A., Orlando, FL, Kathleen M. Burgener, Becker & Poliakoff, P.A., Fort Lauderdale, FL, Daniel S. Rosenbaum, Becker & Poliakoff, P.A., West Palm Beach, FL, for defendants.

### ORDER ON MOTION TO DISMISS/MOTION TO STRIKE

KOVACHEVICH, District Judge.

This cause is before the Court on Defendants' Motion to Dismiss/Motion to Strike (Docket Nos. 4–5) and response thereto (Docket Nos. 12–13). Upon consideration of the motions and memoranda of the parties, this Court finds that the Defendants' motions must be granted in part and denied in part.

### I. BACKGROUND

This action concerns alleged violations of the Fair Housing Act, 42 U.S.C. § 3601 *et seq.* In August 1993, October 1993, and June 1994, the U.S. Department of Housing and Urban Development ("HUD") received a number of complaints against the Defendants, SEA WINDS OF MARCO, INC. ("Sea Winds"), JAYNE AVERILL, and BERNARD FOEHL. The complaints alleged discriminatory housing practices against Hispanic individuals renting condominiums at Sea Winds. The Secretary of HUD investigated the charges and found reasonable cause to believe that discrimination had occurred. On September 30, 1994, the Secretary issued a Charge of Discrimination as required under 42 U.S.C. § 3610(g)(2)(A).

One complainant, Alfonse Bottino, elected judicial determination of the charge under 42 U.S.C. § 3612(a), rather than an administrative hearing. Pursuant to 42 U.S.C. § 3612(*o*), the Plaintiff, UNITED STATES OF AMERICA ("United States"), filed suit against the Defendants on November 17, 1994, alleging violations of the Fair Housing Act. Plaintiff brought this action on behalf of all the complainants referred to above.

In its complaint, the Plaintiff states that the Defendants violated 42 U.S.C. § 3604(b) by discriminating against certain individuals, who rent units at Sea Winds of Marco Condominium, on the basis of national origin. (Compl., ¶ 17) The statute proscribes discrimination "against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin." The discriminatory acts alleged included requiring Hispanic renters to wear identification wrist bands, excessively monitoring those renters' activities, and making derogatory remarks toward Hispanics. (Compl., ¶¶ 16, 17)

In addition, the Plaintiff's complaint alleges that the Defendants violated 42 U.S.C. § 3617 by committing the discriminatory acts listed above. (Compl., ¶ 17) Section 3617 states: "[i]t shall be unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by section 3603, 3604, 3605, or 3606 of this title."

Defendants responded to the complaint by filing a Motion to Dismiss/Motion to Strike and supporting memorandum of law, asserting that: (1) this Court lacks subject matter jurisdiction over the action because HUD failed to comply with the procedural requirements in 42 U.S.C. § 3610(a) and (b); (2) the complaint fails to specify discriminatory acts by the individual named defendants which would subject them to liability for compensatory or punitive damages; (3) the complaint

fails to state a claim upon which this Court can grant injunctive relief because it does not allege that the aggrieved individuals have no adequate remedy at law, or that they would suffer irreparable harm without such relief; and (4) the complaint fails to state a claim upon which to award punitive damages in that no specific discriminatory acts were alleged which evidence willful violation of the Fair Housing Act.

## II. DISCUSSION

### A. Motion to Dismiss for Lack of Subject Matter Jurisdiction

■ Attacks on subject matter jurisdiction under Rule 12(b)(1), Fed.R.Civ.P. may be either "facial" or "factual". "Facial attacks" require a court to examine the face of a complaint to determine whether it alleges a basis for subject matter jurisdiction. *First Union National Bank of Florida v. North Beach Professional Office Complex, Inc.*, 841 F.Supp. 399, 402 (M.D.Fla.1993) (citing *Lawrence v. Dunbar*, 919 F.2d 1525, 1528–29 (11th Cir.1990)). "Factual attacks" reach beyond the complaint to challenge subject matter jurisdiction in fact, and a court may consider "'matters outside the pleadings, such as testimony and affidavits.'" *Bowman v. U.S.*, 848 F.Supp. 979, 982 (M.D.Fla.1994) (quoting *Lawrence v. Dunbar*, 919 F.2d at 1528 (quoting *Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir.) *cert. denied* 454 U.S. 897, 102 S.Ct. 396, 70 L.Ed.2d 212 (1981))).

■ The Defendants in the instant case make factual assertions regarding HUD's non-compliance with certain procedural requirements of the Fair Housing Act. Defendants argue first that HUD neither completed its investigation within 100 days after receiving the complaints against the Defendants, nor notified the Defendants of any inability to complete the investigation within that period.[1] Second, the Defendants assert that HUD failed to engage in good faith conciliation.[2] Such procedural deficiencies, the Defendants conclude, deny this Court subject matter jurisdiction over the action. Since the Defendants make a "factual attack" on subject matter jurisdiction, this Court may look beyond the pleadings to determine whether jurisdiction exists. However, the Court finds it unnecessary to do so because the weight of relevant authority is contrary to the Defendants' position.

■ Defendants rely on *U.S. v. Aspen Square Management Co., Inc.*, 817 F.Supp. 707 (N.D.Ill.1993), *vacated and dismissed* June 28, 1993. In that case, the court held that it lacked subject matter jurisdiction over an action brought by the United States under the Fair Housing Act, due to procedural violations similar to those alleged by the Defendants in the instant case. However, as the Plaintiff points out, the same court later disagreed with the holding in *Aspen* and held that the 100–day period of § 3610 is neither a jurisdictional bar nor a statute of limitations. *U.S. v. Beethoven Associates Limited Partnership*, 843 F.Supp. 1257, 1264 (N.D.Ill. 1994). The court was persuaded by case law in a number of jurisdictions indicating general agreement that the 100–day period is not mandatory and does not affect a court's jurisdiction. *See, e.g., Baumgardner v. HUD*, 960 F.2d 572 (6th Cir.1992); *U.S. v. Forest Dale, Inc.*, 818 F.Supp. 954 (N.D.Tex.1993); *U.S. v. Curlee*, 792 F.Supp. 699 (C.D.Cal.1992); *U.S. v. Scott*, 788 F.Supp. 1555 (D.Kan.1992). The cases further indicate that other procedural violations, such as failure to notify defendants of HUD's need for additional time to investigate complaints, are not necessarily detrimental to subsequent actions to enforce the Fair Housing Act. HUD's failure to engage in good faith conciliation is likewise

---

1. The Secretary [of HUD] shall, within 100 days after the filing of the complaint . . . , determine based on the facts whether reasonable cause exists to believe that a discriminatory housing practice has occurred. . . . If the Secretary is unable to make the determination within 100 days after the filing of the complaint . . . , the Secretary shall notify the complainant and respondent in writing of the reasons for not doing so.

42 U.S.C. § 3610(g)(1).

2. During the period beginning with the filing of such complaint and ending with the filing of a charge a or dismissal by the Secretary, the Secretary shall, to the extent feasible, engage in conciliation with respect to such complaint.

42 U.S.C. § 3610(b)(1).

not a jurisdictional issue. Instead, a court examines conciliation efforts when deciding whether to stay the proceedings to allow further conciliation, or upon reviewing any penalty that may have been imposed. *Morgan v. Secretary of HUD*, 985 F.2d 1451, 1456–1457 (10th Cir.1993).

This Court makes no factual finding regarding the alleged procedural violations. However, absent mandatory precedent in the Eleventh Circuit Court of Appeals, this Court is persuaded that procedural violations such as those alleged by the Defendants do not raise a jurisdictional issue. Accordingly, this action to enforce the Fair Housing Act may not be dismissed for lack of subject matter jurisdiction due to HUD's alleged procedural violations of 42 U.S.C. § 3610 regarding the 100–day investigation period, notification of delay, or good faith conciliation.

### B. Motion to Dismiss for Failure to State a Claim

A court should not dismiss a complaint for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). In addition, when considering a motion to dismiss, a court must consider the plaintiff's allegations as true. *Cruz v. Beto*, 405 U.S. 319, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972).

■ Defendants argue that the complaint fails to specify discriminatory acts by the individual named defendants which would subject them to liability for compensatory or punitive damages. However, Rule 8(a), Fed. R.Civ.P. requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." The complaint at issue states that Sea Winds instituted a policy requiring identification wristbands to be worn by unit renters during certain times of the year. It alleges that this policy was enforced by Defendants Jayne Averill and Bernard Foehl, in consultation with the condominium association board, only against Hispanic renters. The complaint alleges further that the activities of the Hispanic renters were selectively monitored, and that derogatory remarks were made toward these individuals. Section 3604(b) prohibits discrimination on the basis of national origin "in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith." Taking the Plaintiff's allegations as true, this Court finds that the Plaintiff has sufficiently stated a valid claim under § 3604(b), pursuant to Rule 8(a), on behalf of all aggrieved persons named in the complaint.

■ The complaint also alleges a violation of § 3617. The test for sufficiency of a claim under § 3617 requires the complaint to allege the following: (1) the Hispanic individuals are members of a protected class under the Fair Housing Act; (2) the individuals on whose behalf this suit is brought exercised or enjoyed a right protected by §§ 3603–3606, or aided or encouraged others in exercising or enjoying such rights; (3) the Defendants' conduct was at least in part intentional discrimination; and (4) the Defendants' conduct constituted coercion, intimidation, threat, or interference on account of having exercised, or aided or encouraged others in exercising, a right protected under §§ 3603–3606. *People Helpers Foundation v. City of Richmond*, 781 F.Supp. 1132 (E.D.Va.1992); *Cass v. American Properties, Inc.*, 1995 WL 132166, 1995 U.S.Dist. LEXIS 2298 (N.D.Ill.1995).

■ This test is satisfied as applied to the § 3617 claim brought on behalf of Roland Pedraza, Juan Rojas, Pedro Lopez, Susan Lopez, Manuel Juiz, Jorge Brito, and Rosie Morales, Hispanic Americans who rented units at Sea Winds. (Compl, ¶ 7) First, Hispanic persons are a protected class under the Fair Housing Act. 42 U.S.C. § 3604(b). Second, they suffered no discrimination in securing rental units at Sea Winds, exercising their right to fair housing. Third, the alleged conduct, taken as true, allows an inference of intentional discrimination. *Cass*, 1995 WL 132166 at *4, 1995 U.S.Dist. LEXIS at *11. Fourth, the complaint alleges that the conduct intimidated these individuals on account of their having rented units at Sea Winds. *See also, Campbell v. City of Berwyn*, 815 F.Supp. 1138, 1144 (N.D.Ill.1993) (suggesting that conduct violating § 3604(b) also gives rise to a valid claim under § 3617

for interference with a person's enjoyment of her right to fair housing).

However, the Plaintiff also brings this action on behalf of Alphonse Bottino, Vytautas Vebeliunas, Kenneth Hunt, and Elena Chavez. Mr. Bottino leases units from owners, then sub-leases to vacationers. Mr. Vebeliunas owns a unit and rents it to vacationers. Mr. Hunt is a realtor who rents units to vacationers. Ms. Chavez is a travel agent who rents units to vacationers on behalf of unit owners. (Compl. ¶¶ 8–11) Applying the test outlined above, the Court finds that the complaint does not state a valid § 3617 claim on these individuals' behalf. Elements (1) and (3) are satisfied as explained above. Element (2) is satisfied because renting units to vacationers "aid[s] or encourage[s] any other person in the exercise or enjoyment of" the rights granted and protected under §§ 3603–3606. However, element (4), requiring a showing of coercion, intimidation, threat, or interference to these individuals, is not satisfied.

The complaint refers to retaliatory action taken against Mr. Bottino after he filed a complaint with HUD. (Compl. ¶ 8) However, this allegation was made in Mr. Bottino's complaint to HUD. Plaintiff does not allege retaliatory action or any other type of action taken against Mr. Bottino, Mr. Vebeliunas, Mr. Hunt, or Ms. Chavez which would violate § 3617.

Case law indicates that there must be some action *directed to* the person(s) who aided or encouraged others in enjoying their right to fair housing. *See, e.g., Sofarelli v. Pinellas County,* 931 F.2d 718 (11th Cir. 1991) (note threatening bodily harm, hitting plaintiff's truck, shouting obscenities and spitting on plaintiff, who attempted to sell property in the neighborhood to a minority purchaser, would constitute coercion and intimidation under § 3617); *Cass v. American Properties, Inc., supra* (threatened or actual termination of employee, or adverse employment action, are clearly coercion or intimidation); *People Helpers Foundation v. City of Richmond, supra* (group supplying housing to African–Americans and handicapped persons stated a valid § 3617 claim by alleging that the defendants organized an assem-

bly in front of the building, photographed building residents and group volunteers, and indirectly threatened group members through the city's police department); *Grieger v. Sheets,* 689 F.Supp. 835 (N.D.Ill.1988) (threats to shoot husband who encouraged his wife not to submit to landlord's demands for sex would violate § 3617). We can infer from these cases that § 3617 requires conduct directed to complainants. In the instant case, the complaint alleges no such conduct.

Defendants also argue that the complaint fails to state a claim on which to award injunctive relief or punitive damages. They argue that the complaint fails to allege that the aggrieved individuals have no adequate remedy at law, or that they would suffer irreparable harm without injunctive relief. In addition, the Defendants argue that no specific discriminatory acts are alleged which evidence willful violation of the Fair Housing Act and justifying the Plaintiff's request for punitive damages. Under 42 U.S.C. § 3613(c)(1), "if the court finds that a discriminatory housing practice has occurred or is about to occur, the court may award to the plaintiff actual and punitive damages, and ... may grant as relief ... any permanent or temporary injunction...." This Court has found no authority stating that a housing discrimination complaint must contain the allegations suggested by the Defendants to entitle a plaintiff to injunctive relief and/or punitive damages. However, the Defendants may argue at trial that such relief is unwarranted under the facts of this case. *U.S. v. Rent America Corp.,* 734 F.Supp. 474, 482 (S.D.Fla.1990).

### C. Motion to Strike

Defendants move this Court to "strike portions of the Complaint as appropriate." (Def.'s Mot. at 2) Under Rule 12(f), Fed.R.Civ.P. the Court may strike allegations which are redundant, immaterial, impertinent, or scandalous. However, the Court declines to do so unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties. *Poston v. American President Lines, Ltd.,* 452 F.Supp. 568, 570 (S.D.Fla.1978), citing *Augustus v. Board of Public Instruc-*

*tion,* 306 F.2d 862 (5th Cir.1962). This Court has reviewed the complaint at issue and finds no allegations which must be stricken. Accordingly, it is

**ORDERED** that Defendant's Motion to Dismiss/Motion to Strike (Docket Nos. 4–5) be **DENIED,** except as to the claim under 42 U.S.C. § 3617 brought on behalf of Alphonse Bottino, Vytautas Vebeliunas, Kenneth Hunt, and Elena Chavez, which is **DISMISSED.** The Defendant shall have ten (10) days from the date of this order to file an answer to the complaint.

**DONE and ORDERED.**