UNITED STATES of America, Plaintiff,

v.

HILLMAN HOUSING CORPORATION, Hy Meadows, Judith Mitrani, and Arleen Soberman, Defendants.

No. 02 Civ. 626(GEL).

United States District Court, S.D. New York.

June 19, 2002.

Elizabeth Wolstein, Assistant United States Attorney, New York City (James B. Comey, United States Attorney for the Southern District of New York, of counsel), for United States of America.

Weil, Gotshal & Manges, LLP, New York City, (Mitchell D. Hadad, Jacqueline Haberfeld, of counsel), for Hilman Housing Corporation, Hy Meadows, Judith Mitrani, and Arleen Soberman.

### OPINION AND ORDER

LYNCH, District Judge.

When people complain to the United States Department of Housing and Urban Development ("HUD") that they have suffered from illegal housing discrimination, the Fair Housing Act requires, among other things, that HUD "shall, to the extent feasible, engage in conciliation with respect to such complaint." 42 U.S.C. § 3610(b)(1). Defendants move to dismiss this suit, which charges them with discriminating on the basis of national origin and religion against two Chinese–Americans who sought to purchase a cooperative apartment, arguing that HUD's alleged failure to comply with this requirement in case of their complaint defeats the Court's jurisdiction. The argument is completely without merit, and the motion is denied.

Assuming arguendo that HUD failed to comply with the statutory requirement,[1] such failure does not deprive the Court of jurisdiction over HUD's lawsuit. First, the Act expressly authorizes civil actions by the United States in federal district courts on behalf of housing discrimination complainants. 42 U.S.C. § 3612(*o*). *See also* 28 U.S.C. § 1331 (federal question jurisdiction); 28 U.S.C. § 1345 (jurisdiction over civil actions brought by the United States). Nothing in § 3612(*o*) remotely suggests that this jurisdiction is contingent on HUD's compliance with the Act's requirements for conciliation or its other administrative procedural requirements. Neither does the language of § 3610(b)(1) include any hint that its procedural obligation is a prerequisite to judicial jurisdiction over an eventual discrimination action. Such language would, of course, have been simple to draft and insert in either place if Congress had intended such a limitation.

That the conciliation process is made mandatory does not imply that compliance is a prerequisite to jurisdiction. It is well established that "the mere use of the word 'shall'" does not convert a procedural obligation imposed on a government agency into a jurisdictional limitation on the federal courts. *Brock v. Pierce County,* 476 U.S. 253, 262, 106 S.Ct. 1834, 90 L.Ed.2d 248 (1986) (mandatory procedural requirements of Comprehensive Employment and

---

1. The Government submits letters sent by HUD to three of the defendants noting HUD's obligation to "encourage all sides to reach an agreement, where appropriate, through conciliation," and advising that "[a]t any point, you can request that our staff assist you in conciliating (or settling) this complaint with the complainants" (Wolstein Decl. Ex. C, E), and provides testimony from its investigator averring, on the strength of contemporaneous notes, that he proposed conciliation both to one of the complainants and to an attorney for the corporate defendant, both of whom allegedly spurned his efforts (Cheng Decl. ¶¶ 2–5). Defendants proffer an affirmation from that attorney denying in general terms that any representative of HUD ever "suggest[ed], let along engage[d] in, discussions and/or conciliation proceedings." (Blumberg

Aff. ¶ 8.) The attorney specifically acknowledges receipt of the letter pointing to HUD's conciliation obligation (*id.* ¶ 3), but fails to refer to the language advising that respondents could request conciliation at any time, and (perhaps inadvertently) omits the page containing that language from the copy of the letter annexed to his affirmation (Blumberg Aff. Ex. B). Defendants' reply papers contain no further affirmation denying or otherwise responding to the more specific averments of the HUD investigator. On this record, if it were necessary to resolve the factual dispute, the Court would be inclined to find that the record adequately establishes that HUD satisfied its obligation to conciliate "to the extent feasible." It is not necessary, however, since defendants' motion fails as a matter of law in any event.

Training Act not jurisdictional). *See also United States ex rel. Siller v. Becton Dickinson & Co.*, 21 F.3d 1339, 1344 (4th Cir. 1994) ("mere use of the word 'shall' in [a False Claims Act procedural provision] is not enough to render that provision a jurisdictional requirement").

Second, courts that have considered the question have without exception found that neither the conciliation requirement nor any of the other, equally mandatory, procedural requirements of the Act defeat the Court's jurisdiction over subsequent discrimination suits. *See Morgan v. Sec'y of HUD*, 985 F.2d 1451, 1456 (10th Cir.1993) ("Whether the Secretary conducted conciliation in good faith is not jurisdictional."); *Mountain Side Mobile Estates P'ship v. Sec'y of HUD*, 56 F.3d 1243, 1249 (10th Cir.1995) (same); *United States v. Sea Winds of Marco, Inc.*, 893 F.Supp. 1051, 1054 (M.D.Fla.1995) (same). *See also Baumgardner v. Sec'y of HUD*, 960 F.2d 572, 578 (6th Cir.1992) (notice requirement of § 3610(a)(1)(B) not jurisdictional); *United States v. Scully*, No. Civ. A. 95–7531, 1996 WL 278776, at *1 (E.D.Pa. May 22, 1996) (same); *id.* at *2 (100–day time limit on investigations of § 3610(a) not jurisdictional); *United States v. Beethoven Assocs.*, 843 F.Supp. 1257, 1263 (N.D.Ill. 1994) (same); *United States v. Gorman Towers Apartments*, 857 F.Supp. 1335, 1338 (W.D.Ark.1994) (same); *United States v. Curlee*, 792 F.Supp. 699, 700 (C.D.Cal.1992) (same).[2]

Defendants' attempts to distinguish these cases can only be described as lame. The timing requirements and the conciliation requirement are equally mandatory congressionally-imposed procedural rules, each specified as an obligation HUD "shall" fulfill. Cases finding one such requirement non-jurisdictional are highly persuasive with respect to the other, parallel requirements. And the cases that specifically address the conciliation requirement cannot be distinguished because they involved inadequate or bad-faith conciliation efforts rather than the total absence of conciliation alleged here. The statute requires conciliation "to the extent feasible." It recognizes no degrees of failure to comply with that requirement, and its language provides no support for defendants' suggestion that some failures to comply are jurisdictional and others not. At any rate, any distinction between partial and total failure to conciliate is unworkable. Conciliation efforts undertaken in bad faith are fully equivalent to no conciliation efforts at all, and as the record in this case shows (see note 1 above), what defendants characterize as a total absence of conciliation could equally be characterized (taking the facts in the light most favorable to defendants) as a minimal or inadequate gesture toward conciliation. The overwhelming case law against defendants' proposition thus stands undistinguishable and powerfully persuasive.

Third, acceptance of defendants' position would lead to perverse results. The purpose of the Act is to provide relief to victims of housing discrimination. Depriving such victims of access to judicial remedies because of administrative errors on the part of the agency assigned to assist them would defeat that purpose. Nor

---

**2.** In *Baumgardner*, 960 F.2d at 575–77, and *Kelly v. Sec'y of HUD*, 3 F.3d 951, 954–57 (6th Cir.1993), the Sixth Circuit was critical of HUD's procedural errors in the cases before the court, including failure to conciliate, but did not find that these errors warranted even a reversal of administrative findings of liability, let alone a finding of lack of subject matter jurisdiction, in the somewhat different context of actions to review administrative determinations of discrimination under 42 U.S.C. § 3612(j). Neither case, a fortiori, suggests a lack of subject matter jurisdiction over actions brought directly in the district court under § 3612(*o*).

would defendants' proposal further Congress' goal of conciliating those disputes that can be resolved short of litigation. Complainants are permitted to sue on their own behalf, skipping the HUD process (and potential administrative conciliation efforts) altogether. 42 U.S.C. § 3613(a). To hold that complainants who seek administrative assistance risk delay or loss of judicial relief by reason of agency procedural errors would channel those who feel they were victims of discrimination away from the administrative process.

Finally, it should be noted that if defendants are interested in good faith conciliation or mediation of this dispute, this Court's mediation program is available to them by simple request to the Court, as are the settlement services of the assigned United States Magistrate Judge or any other reasonable mediation or conciliation process that any party suggests. The defendants' choice to elect district court adjudication over administrative procedure,[3] and then to choose the relatively expensive and technical litigation tactic of a meritless motion to dismiss, need not deprive them of the opportunity to pursue less contentious methods of dispute resolution.

Since, for the reasons stated, defendants' position finds no support in the text of the governing statute, judicial authority, or policy, the motion to dismiss for lack of subject matter jurisdiction is denied.

SO ORDERED:

---

**3.** As stated, under the Act, once HUD files a charge of discrimination, any party may elect to have the matter heard in district court, rather than by administrative process subject to judicial review. 42 U.S.C. § 3612(a), (b). Here, it was apparently defendants, rather than the complainants, who elected to have the charge adjudicated in a civil action. (Blumberg Aff. ¶ 6.)